TOM DEVER ET AL. V. EMANUEL F. SELZ.

Decided May 26, 1905.

**1.—Community Debt—Presumption—Judgment.**

A debt incurred by the husband during the existence of the marital rela-
tion is prima facie a community debt, and a judgment for the debt will, in the
absence of evidence to the contrary, be deemed to have established it as a com-
munity debt.

**2.—Same—Invalid Mortgage on Homestead.**

A debt is not rendered illegal or unenforceable by reason of the fact that
a mortgage given to secure it was invalid because it covered homestead prop-
erty and the wife did not join therein; nor is the debt extinguished by a fore-
closure of such mortgage and a sale thereunder which passed no title to the
purchasing creditor the mortgagor remaining in possession undisturbed.

**3.—Same—Surviving Husband—Power to Convey Homestead.**

The surviving husband, acting in good faith, may adjust a community debt
by assuming the debt of the creditor to another person, and he can sell the
community homestead for the purpose of paying the debt, and his deed will
convey the interest of the deceased wife.

**4.—Same—Separation—Repudiation of Marriage.**

The fact that before her death the wife and husband had separated and
treated the marriage as not valid and binding did not affect, as against the
wife's heirs, the validity of the husband's conveyance of the community home-
stead, made after her death, to satisfy a community debt.

Appeal from the District Court of Washington. Tried below before
Hon. Ed R. Sinks.

*Searcy & Searcy,* for appellant.

*R. E. Pennington,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to
try title brought by the appellee against the appellant, Tom Dever, to
recover a tract of 54¾ acres of land in Washington County. Appellants
Monroe, Miles and Bettie Dever, heirs of Esther Dever, deceased, inter-
vened in the suit and claimed title to an undivided one-half of the land.
The cause was tried by the court below without a jury and judgment was
rendered in favor of plaintiff for all of the land in controversy.

The material facts disclosed by the record are these: William
Schlottmann is the common source of the title under which all the
parties claim. On November 22, 1874, he conveyed the land to Tom
Dever for a cash consideration of $800. Tom and Esther Dever were
negro slaves and became husband and wife by common law marriage
in 1865. They had been living on the land under a contract to purchase
for some time prior to the execution of the deed to Tom by Schlottmann.
The intervenors are the children of Tom and Esther Dever. Monroe is
40, Miles 38 and Bettie 36 years old. The property in controversy is
the only land ever owned by Tom Dever, and he has continuously oc-
cupied it as his homestead since its purchase in 1874.

In the year 1885, for some cause not shown by the record, Tom and Esther ceased to live together as husband and wife, and shortly thereafter he married a maiden named Milly. This marriage was under license duly issued and regularly executed by an authorized officer, and the return thereon was duly recorded. No suit for divorce was ever brought by either Tom or Esther. After she and Tom ceased to cohabit Esther moved into a separate house situated on the land in controversy and continued to live there until 1886 or 1887, when she departed therefrom, and, following the example of Tom, took unto herself another husband.

It is shown that she never asserted any claim to the land after she moved from it. She died intestate in April, 1898, and the intervenors are her only heirs.

In 1885 Tom, joined by Milly as his wife, executed a deed to R. Hoffman conveying the property in question for a recited consideration of $547.57. Hoffman immediately conveyed the land back to Tom for a consideration of $547.57, evidenced by promissory notes executed by Tom and secured by a vendor's lien on the land. These notes were not paid at maturity, and Hoffman brought suit thereon and obtained judgment for the amount due and for foreclosure of the vendor's lien. Neither Milly nor Esther were parties to this suit. An order of sale was issued in pursuance of this foreclosure decree and at the sale thereunder on September 4, 1894, Hoffman became the purchaser of the land, and it was conveyed to him by the sheriff of Washington County. This deed recites a consideration of $525, which amount was presumably credited on Hoffman's judgment.

On July 15, 1895, Hoffman executed a deed of trust conveying the land to R. E. Pennington, trustee, to secure appellee in "the payment of two notes due him by R. Hoffman for $421.40." These notes were not paid at maturity, and appellee brought suit to recover thereon and to foreclose his lien on the property against Hoffman and Tom Dever. This suit resulted in a judgment in favor of appellee foreclosing said lien. No sale was had under this judgment, but it was satisfied by an agreement between appellee, Tom Dever, and Hoffman under which Hoffman conveyed the land to Tom Dever in consideration of $100 paid by Dever to appellee and four notes for $175 each, executed by Dever and payable to appellee. This conveyance was made April 19, 1899. The notes were not paid when they became due, and in consideration of their surrender and cancellation Tom Dever, on December 19, 1902, conveyed the land to appellee. No writ of possession was issued after the land was purchased by Hoffman under his judgment of foreclosure, and, as before stated, Tom Dever has remained in continuous possession of the property, occupying and claiming it as his homestead, since he purchased it in 1874.

The intervenor, Bettie Dever, lived on the land from 1877 to 1901 or 1902. She lived in a separate house from that occupied by her father until the fall of 1900, when the house she occupied was destroyed by storm, after which time she lived with her father. She has always claimed an interest in the property. Appellee had no actual notice of any claim of Esther or her heirs to the property until after he had

purchased it. Milly died prior to the conveyance from Tom Dever to appellee.

Appellants contend under appropriate assignments of error that the court below should have rendered judgment in favor of the intervenors for one-half of the land in controversy because the undisputed evidence shows that it was the community homestead of their father and mother, Tom and Esther Dever, and that Esther never joined in any deed by which it was conveyed; and further, that appellee is not an innocent purchaser for value.

There is no question but that the property was the community homestead of Tom and Esther Dever, and it may be conceded that it continued to be their homestead until Esther's death and that no rights were acquired by Hoffman under the conveyance from Tom and Milly nor through the sale to him under his judgment of foreclosure, and that appellee, having only given credit upon a former indebtedness as the consideration for the conveyance to him, can not hold as an innocent purchaser, and yet we think the judgment of the court below should be affirmed. It is clear from the record that, notwithstanding the different forms which the evidence of the debt assumed during the many years of its existence, the consideration for the conveyance from Tom Dever to appellee was the satisfaction of the indebtedness incurred by Tom Dever in 1885, to secure which he and Milly, by a conveyance of the land to Hoffman and the reconveyance to him by the latter with reservation of vendor's lien, attempted to create a mortgage on the property. Of course no valid mortgage was created by these transactions, and Hoffman did not thereby acquire any right in the property, but the invalidity of the mortgage did not make the debt evidenced by the notes illegal or unenforceable. This debt, having been incurred by the husband during the existence of the marriage relation, was *prima facie* a debt of the community, and there is nothing in the evidence tending to show that it was incurred for the benefit of the husband's separate estate or to rebut the presumption that it was a community debt. It follows that the judgment obtained by Hoffman against Tom Dever was a judgment establishing the debt against the community estate of Tom and Esther. The foreclosure of the lien and the purchase by Hoffman of the property at the sale under the judgment of foreclosure did not extinguish the debt because no title was acquired by these proceedings and Tom Dever remained in the undisturbed possession and enjoyment of the property.

In evident recognition of the invalidity of his title to the property Hoffman reconveyed it to Tom Dever in consideration of the agreement of the latter to pay to appellee, a creditor of Hoffman, a sum which was approximately the amount of the principal and interest of the original debt. When this agreement was made Esther was dead, but the original debt was still existing and enforceable, and Tom, as the survivor of the community, had the authority to adjust it in this way, there being no evidence that such arrangement was in fraud of the rights of the heirs of his deceased wife.

It is unnecessary to cite authority to sustain the proposition that the surviving husband may sell the community homestead for the purpose of paying community debts, and if we are right in our conclusion

that the notes executed by Tom Dever to appellee and in satisfaction of which the conveyance to appellee was made evidenced a community debt, the deed of the husband passed the title to all of the land.

If Tom and Esther had lived together as husband and wife until her death there can be no question that, notwithstanding the attempted mortgage of the property was void and that neither Hoffman nor appellee acquired any rights in the property by the various transactions between the parties which occurred prior to the death of Esther, Tom's conveyance to appellee after his wife's death in consideration of the discharge of this indebtedness would have passed title to her interest in the land, and we do not think the fact that Tom and Esther failed to recognize the validity of their marriage and repudiated the obligations and duties which they owed to each other should be allowed to change the effect of Tom's deed to appellee.

The judgment of the court below is affirmed.

*Affirmed.*