## B. D. DASHIELL, ADMR., v. W. L. MOODY & COMPANY.

### Decided October 31, 1906.

**1.—Suit Against Estate—Credits and Off-sets—Pleading.**

In a suit against an estate on promissory notes it was alleged in the petition "that no part of said notes has been paid except the payments which appear as credits on said notes, the date and amount of which have been heretofore set out, and the same now remain due and unpaid," etc. The credits referred to had been specified in a former part of the pleading. Held, the petition was not subject to a general demurrer on the ground that it did not appear that all legal offsets, payments and credits had been allowed.

**2.—Survivor of Community—Powers—Extension of Debts—Limitation.**

Where it appeared from the allegations of plaintiff's petition that the surviving wife had duly qualified as survivor of the community, and as such survivor had entered into an agreement in writing with the creditors of the estate, including the plaintiff, by the terms of which their debts were not to be paid until a certain date named, which was more than four years after the original due dates of said debts, held, that the survivor of the community had the power to make said agreement, and plaintiff's petition was not subject to a special exception setting up the statute of limitation.

**3.—Claims Against Estate—Priority of Payment—Pleading.**

Because it appeared from the allegations of plaintiff's petition that, according to an agreement between the survivor of the community and certain creditors of the estate, including the plaintiff, that certain other debts were to be paid first out of the assets of the estate, this was no reason why said creditors could not file suit upon their claims after maturity; and plaintiff's petition was not subject to special exception because it was not alleged that the debts having precedence had been paid.

**4.—Community Debt and Foreclosure—Parties—Surviving Wife.**

In a suit against an administrator to foreclose a lien upon community property the administrator can not complain because the surviving wife is made a party defendant.

**5.—Note—Maturity—Interest.**

A note which bears interest from maturity will bear interest from said date even though the time of payment be extended.

**6.—Stipulated Attorney's Fee—Judgment for.**

Where a note calls for ten percent of principal and interest unpaid, as an attorney's fee, if placed in the hands of an attorney for collection, it is only necessary for plaintiff to prove the condition precedent, viz., the placing of the note with an attorney for collection to entitle him, prima facie, to the sum which the maker of the note agreed to pay in such event; and in the absence of evidence of an agreement with attorneys for a less fee, and of any question as to the reasonableness of such fee the court should enter judgment for the fee stipulated in the note.

Appeal from the District Court of Leon County. Tried below before Hon. Gordon Boone.

*N. B. Morris* and *James B.* and *Charles J. Stubbs,* for appellant.— Creditors seeking to enforce a claim against a deceased person's estate in administration must allege and prove that all legal offsets, payments and credits have been allowed. Granberry v. Granberry, 13 Texas Ct. Rep., 896; Walter v. Prestidge, 30 Texas, 73.

The notes sued on having matured, respectively, December 1, 1897, and January 1, 1898, were barred by the four years' statute of limitation when this suit was filed on September 15, 1903, unless the maturity dates were extended to a time within four years prior to bringing suit or a competent acknowledgment of the justness of the debt and promise to pay had been made in writing, the exceptions to plaintiff's suit on the ground of limitation should have been sustained. Krueger v. Krueger, 76 Texas, 178; Reynolds v. Mitchell, 27 S. W. Rep., 508; Howard v. Windom, 86 Texas, 567; Leigh v. Linthicum, 30 Texas, 100; Musebach v. Halff & Bro., 77 Texas, 187; Smith v. Fly, 24 Texas, 353; Webber v. Cochrane, 4 Texas, 36; Meyer v. Andrews, 70 Texas, 328; Gathmight v. Wheat, 70 Texas, 740; Crawford Co. Bank v. Henry, 41 S. W. Rep., 201.

The provision in a note that the maker will pay attorney's fees is a contract of indemnity and not a penalty or liquidated damages. Estate of Dunovant v. Stafford & Co., 10 Texas Ct. Rep., 119.

*Campbell & Seward* and *Thos. B. Greenwood,* for appellee.—The pleadings and uncontradicted evidence show a just claim in favor of appellees for the amount of the judgment, after the allowance of all legal offsets, payments and credits. Myers v. Menefee, 68 S. W. Rep., 540; Smith v. Pierce, 62 S. W. Rep., 1074; Robinson v. Chamberlain, 68 S. W. Rep., 212.

There was no error in overruling the special exceptions to the amended original petition because the petition showed that, before either note was barred, the statute of limitations was suspended by the written promise of the community survivor to pay both notes upon a date less than four years prior to the institution of this suit. Daniel v. Harvin, 31 S. W. Rep., 422; Echols v. Jacobs Mercantile Co., 84 S. W. Rep., 1083-4; Howard v. Johnson, 69 Texas, 658; Park v. Prendergast, 23 S. W. Rep., 535; Herron's Probate Guide, sec. 339, p. 280; Black v. Rockmore, 50 Texas, 98, 97; Green v. Raymond, 58 Texas, 84, 85; Osborne v. Robinson, 35 S. W. Rep., 327; Leatherwood v. Arnold, 66 Texas, 416; Huppman v. Schmidt, 65 Texas, 585; James v. Turner,

78 Texas, 242; Jordan v. Imthurn, 51 Texas, 287; Ostrom v. Arnold, 58 S. W. Rep., 631; Watts v. Miller, 76 Texas, 15; Browne v. French, 22 S. W. Rep., 584; Russ v. Cunningham, 16 S. W. Rep., 447.

It was proper to make Mrs. Mattie Oliver a party defendant in this suit for the purpose of at least adjudging her community interest in the mortgaged lands subject to the payment of appellees' claim, and no other judgment was rendered against her. If this was error, it was harmless error, against Mrs. Mattie Oliver alone, insofar as appears from appellant's assignment and brief, and it can be of no avail to appellant. Cassidy v. Scottish American Mortgage Co., 64 S. W. Rep., 1031; Gulf & B. V. Ry. Co. v. Weddington, 71 S. W. Rep., 780; Sanderson v. Railey, 47 S. W. Rep., 667; Valentine v. Sweatt, 78 S. W. Rep., 387, 385.

The extension of a past due note does not preclude the holder from the collection of interest from the date of its maturity as originally executed, when the note expressly provides for the payment of such interest. Sigal v. Miller, 25 S. W. Rep., 1012.

If appellees, under the facts plead and proven, could only recover the reasonable value of the services of their attorneys, still the judgment of the court below must be sustained. For, in the absence of conclusions, it must be presumed, in support of the judgment, that the court found the services of appellees' attorneys to be worth the stipulated ten per cent. And, it seems settled that the court could determine the amount of reasonable attorney's fees, without hearing evidence. Texas Land & Loan Co. v. Robertson, 85 S. W. Rep., 1020; Johnson & Co. v. Blanks, 68 Texas, 496, 497; Willis & Bro. v. Heath, 75 Texas, 127; Burns v. Staacke, 53 S. W. Rep., 354, 355; Banks v. House, 50 S. W. Rep., 1023, 1024.

Where a note contains an express promise to pay a certain sum as attorney's fees, upon a contingency which is proven, and there is no evidence to show a contract, express or implied, between the creditor and attorney, for a lesser fee, it is proper to render judgment for the certain fee. Carver v. Mayfield Lumber Co., 68 S. W. Rep., 711; Maddox v. Craig, 80 Texas, 600; Morrill v. Hoyt, 83 Texas, 59; Huddleston v. Kempner, 21 S. W. Rep., 947; Smith v. Pickham, 28 S. W. Rep., 566; Sturgis Nat. Bank v. Smyth, 30 S. W. Rep., 678.

JAMES, CHIEF JUSTICE.—Appellees brought this suit against the administrator of J. H. Oliver's estate and Mrs. Mattie Oliver, the widow of J. H. Oliver, on two notes of J. H. Oliver for $5,000 each with interest and for ten percent as attorney's fees. Credits endorsed on one of the notes were alleged, and foreclosure of a deed of trust lien was prayed for.

The judgment was for $16,490.58 including 10 percent interest from date thereof, decreeing a lien on the lands, which was declared to exist upon the community interest of Mrs. Oliver in said lands as well as upon the estate of J. H. Oliver, and decreeing that the claim be classified as a claim of the third class, and that the judgment be certified to the County Court for observance. It also adjudged that plaintiffs take nothing by their suit as against Mrs. Oliver, save and except the

adjudication and establishment of said deed of trust lien on said property. The administrator appeals.

The only proposition under appellant's first assignment of error, which under the rules can be noticed, reads as follows:

"Creditors seeking to enforce a claim against a deceased person's estate in administration must allege and prove that all legal offsets, payments and credits have been allowed."

The assignment of error is one complaining of the overruling of a general demurrer to plaintiffs' amended original petition. Clearly the above proposition must be considered solely in reference to the allegations of the pleading, unmixed with consideration which might arise from consulting the testimony. The petition in fact avers: "That no part of said notes has been paid except the payments which appear as credits on said notes, the date and amount of which have been heretofore set out and the same now remain due and unpaid," etc. These credits referred to were specified in a former part of the pleading. The pleading was good as against the subject matter of the proposition.

The second assignment is that the court erred in overruling the special exception which was upon the ground that the notes were barred by the statute of four years. This also must be determined from the face of the petition. It alleged the notes and deed of trust to have been executed by Oliver on January 25, 1897, one note payable December 1, 1897, and the other January 1, 1898. That Oliver died in July, 1899, and on September 16, 1899, Mrs. Oliver had qualified as survivor. This suit was instituted September 15, 1903.

Passing over the averments of renewals or extensions granted to Oliver in his lifetime, we come to an averment of an agreement in writing entered into on November 28, 1899, between plaintiffs and certain other creditors of Oliver of one part and Mrs. Oliver of the other, and alleged to have been executed by her as survivor of the community which averment we here copy:

"That said J. H. Oliver having died intestate on, to wit, July 16, 1899, as hereinbefore alleged, and said Mrs. Mattie Oliver having qualified as survivor in community, that afterwards, to wit, on November 28, 1899, the said Mrs. Mattie Oliver, acting as survivor of the community estate of herself and her deceased husband, J. H. Oliver, and the Galveston Shoe & Hat Co., H. Kempner, Marx & Blum, the Galveston Dry Goods Co., the American Exchange Bank, Gust, Heye & Co., and W. L. Moody & Co. (all, except the said Mattie Oliver, are known and referred to in the instrument here state as the Galveston creditors), made, executed, signed and for a valuable consideration passing from each to the other, delivered a certain memorandum of agreement in writing, providing among other things: 'It is expressly understood that the indebtedness owing by the estate of J. H. Oliver, deceased, known as the old indebtedness of J. H. Oliver to the Galveston creditors, will be carried over until January 1, 1901, and that there will be no foreclosure of mortgage or other liens on the property of the estate of J. H. Oliver, deceased, unless by mutual consent of the contracting parties until after the expiration of this agreement:

" 'For the continuation of the business for the year 1900, it is expressly understood that the creditors of the estate of J. H. Oliver, de-

ceased, will advance to Mrs. Mattie Oliver, survivor in community, the sums set opposite their names, viz:

" 'W. L. Moody & Co., $1,000 cash; H. Kempner, $1,000 cash; Galveston Dry Goods Co., $1,000 merchandise; Gust, Heye & Co., $500 merchandise; Galveston Shoe & Hat Co., $500 merchandise, which said advances are only to be made after the 1899 indebtedness to the above creditors is paid in full.

" 'It is also understood that Mrs. Mattie Oliver will individually advance to the business the sum of two to five thousand dollars, and all advances made by Mrs. Mattie Oliver and the above mentioned creditors for the year 1900, for the amounts set opposite their names, shall be first paid off and discharged out of the assets of the business before any other debts against the estate of the said J. H. Oliver, deceased, shall be paid and shall have a preference as a liability against the estate of the said J. H. Oliver, deceased, for the above mentioned amounts over the old indebtedness due by the estate of J H. Oliver.

" 'Mrs. Mattie Oliver is also authorized and requested to dispose of all of the real estate owned by the estate of J. H. Oliver, deceased, whenever she is able to obtain a reasonable price for any of the same, subject, however, to the approval of the creditors holding liens, or vendor's lien notes against any of the said lands.'

"That by the terms of said agreement the time of payment of the indebtedness hereinbefore set out, and its maturity was extended and postponed until January 1, 1901. That the advances in cash and merchandise called for and agreed to in said instrument were duly made, and have, before the presentation of this claim to the administrator, been paid in full not before but since January 1, 1901, but if not paid in full has been allowed by the administrator, and approved and classified by the court as second class claims, and will be paid in due course of administration. That the claim sued on is a part of the old indebtedness referred to in said instrument of November 28, 1899."

The powers of Mrs. Oliver as community survivor duly qualified under our statute, permitted her to enter into an agreement to provide for the settlement of a community debt, and if she saw fit, to secure extensions. The above averments if true clearly postponed the maturity of the debt as fixed in the notes to a date less than four years from the commencement of this proceeding.

The third assignment is that the court erred in overruling the following exceptions to the petition: "The said petition does not show the payment of the preferred debts, which under the obligations were to be paid before any right of action accrued on the notes sued on." The proposition is thus stated: "The writing of November 28, 1899, having provided that certain debts shall be paid off and discharged before any other debts should be paid, it should have been shown that such debts were paid before plaintiffs' right to sue arose."

The agreement as alleged was an extension of plaintiffs' claim and other claims constituting the "old indebtedness" until January 1, 1901. The provision relating to the advancement in cash and merchandise was not intended to and did not have the effect, of postponing maturity of the old indebtedness indefinitely, or until the said advances were all paid off and discharged. That provision simply gave the latter prece-

dence of payment from the assets of the estate. It was alleged that Mrs. Oliver was, in August, 1902, removed as survivor in community, and in October of same year Mr. Dashiell was appointed administrator. Clearly the provision of the agreement was no obstacle to plaintiffs' propounding their claim to the administrator after January 1, 1901, or to their bringing an action to establish their claim against the estate upon his rejection of it. If other claims existed which were entitled to preference in the matter of payment, it would affect the matter of classification.

There is nothing in the fourth assignment of which the administrator can complain. The judgment rendered does not profess to bind Mrs. Oliver except as to the adjudication of the lien on the particular property. It being community property and a community debt this would be the result with or without any adjudication as to her. She has not appealed, and evidently she does not consider she has any right in the property which is violated by the decree. No reason whatever exists, in favor of the administrator, for disturbing the judgment because of the joinder of Mrs. Oliver. It is not necessary, therefore, to consider the question of plaintiffs' legal right to join her as a defendant.

The fifth assignment alleges that the judgment is execssive for this: "The 268 bales of cotton held by plaintiffs as admitted in their petition do not appear to have been credited on the indebtedness; and the award of interest from the maturity dates designated in the notes is inconsistent with plaintiffs' pleading that maturity was extended and postponed until January 1, 1901; and in awarding 10 percent added to the principal and interest of said notes from their first maturity as there was no proof nor allegation that plaintiffs had paid or agreed to pay any amount for attorney's fees and the recovery of $1,499 for attorney's fees was awarded as a penalty or damages and not merely to indemnify plaintiffs for attorney's fees incurred in the collection of their claim."

We confess our inability to understand wherein it is inconsistent for an extended note to bear interest from the original date fixed by its maturity.

The matter of attorney's fees will be discussed under another assignment.

The petition refers to the 268 bales of cotton in the allegation of the agreement dated January 27, 1898, between Oliver and creditors, which shows that plaintiffs were entitled to only a pro rata of the proceeds of such cotton, and therefore a contention that the whole of the 268 bales was entitled to have been credited upon plaintiffs' claim is evidently unsound if such is really the contention. But there was in evidence the correspondence between Oliver and plaintiffs of later date which went to show that the proceeds of all previous cotton which plaintiffs were entitled to had been credited to Oliver's account with plaintiffs discharging all indebtedness to plaintiffs outside of the notes sued on and leaving an excess of $610.76 in favor of Oliver which appears as a credit on one of the notes. This was in the form of a corrected account rendered by Moody & Co. to Oliver on May 17, 1899, which statement also showed that Moody & Co. had five bales of cotton on hand yet to be credited. The statement concluded in these words: "This leaves you due us on your old indebtedness note due 12-1-97 for

$5,000 in which there is a credit of $610.76, and you are also due us on your old indebtedness note of $5,000 due 1-1-98 and interest. We have five bales of your cotton yet to be credited."

On May 19, 1899, Oliver replied to the above: "Your statement of notes and their interest you sent a few days ago shows the interest accrued up to that time on this note was $752.78 less the interest on the credit which was $354.60, leaving the net interest due on the note $398.18. Your last statement shows there is $477.15 due on this note. Now which is correct and how comes the difference?"

On May 22, 1899, Moody & Co. wrote Oliver in reply in effect that on going over the interest carefully Oliver was entitled to an additional credit of $48.97 and that the same had been entered on the note that had received the other credits. On July 16, Oliver died. The note bore the credits of $610.76 and $48.97 as of those dates. It bears the further credit of June 10, 1899, of $98. This credit is not explained directly. There is indication in the evidence, however, that this represented the five bales of cotton. In the various accounts which are in the record it appears that that amount bore an approximate relation to a credit that would result from five bales of cotton. The credit followed closely upon the admission that the five bales were yet to be credited, and no question was ever raised as to a proper credit for that cotton. The credit of $98, otherwise unexplained, would from these circumstances naturally be taken as having reference to said five bales.

The sixth assignment must be overruled. The notes provided for interest from maturity, December 1, 1897, and January 1, 1898, respectively. It was so alleged. Because the petition alleged the agreement of November 28, 1899, between Mrs. Oliver and the creditors and alleged that by the terms of such agreement the maturity of the indebtedness was extended and postponed to January 1, 1901, it is contended this entitled plaintiffs to interest only after the latter date because this became the time of maturity to which the notes would refer and apply. The true construction of the notes is that they were to bear interest from the dates named in them as their dates of maturity, and they were thus extended.

The remaining assignment complains of the allowance of 10 percent of the principal and interest as an attorney's fee, for the following reasons: 1st. That it does not appear that this was claimed of the administrator. 2d. That there was no proof, nor pleading to warrant proof that plaintiff had paid or agreed to pay their attorney this amount of fee.

The notes call for 10 percent of principal and interest unpaid, as an attorney's fee, if placed in the hands of an attorney for collection. The petition alleged presentation of the notes and deed of trust to the administrator for allowance as follows: "That on or about June 21, 1903, the claim of plaintiffs being the two notes aforesaid with said deed of trust was duly authenticated and verified under the laws of Texas for allowance as a claim against said estate were by them presented to the defendant B. D. Dashiell as administrator aforesaid for acceptance and allowance and the said Dashiell rejected same and endorsed his rejection thereon. That afterwards and in order to show that said notes were not barred by limitation, on or about August 14, 1903, the said claims of

W. L. Moody & Co. were again after being fully authenticated and in connection with the letters, deed of trust, agreements and statements hereinbefore pleaded, presented to the defendant B. D. Dashiell as administrator of said estate for acceptance and allowance, and the said Dashiell again rejected the same endorsing thereon: "This claim this day presented to me for the second time and the same is rejected this 9-7 1903. B. D. Dashiell, Admr. J. H. Oliver estate."

The petition alleged further: "That before proving up said claim, that is the said notes, deed of trust, letters and instruments in writing, plaintiffs placed said notes, deed of trust, letters and instruments in writing with attorneys for collection, and thereby became liable for the 10 percent attorney's fee called for in said notes and by reason of the premises, and the bringing of this suit defendants are liable for said 10 percent, etc."

The claim in the form propounded to the administrator is not in the record. The statement of facts upon this subject states that plaintiffs proved that the claims sued upon were authenticated for allowance, were presented to the administrator for allowance, and were twice rejected by the administrator, upon the dates alleged—and it was admitted that the claims sued upon were placed in the hands of attorneys for collection, before presentation to the administrator and before the institution of the suit.

The statement which we find in the statement of facts that the claims sued upon were presented to and rejected by the administrator, would indicate that the claims propounded included attorney's fees. But this much is established with certainty, that plaintiffs had already placed the claim in the hands of an attorney (this was admitted) and were when the same was propounded, legally entitled to attorney's fees. Having been turned over to attorneys, the claim presumably was presented to the administrator by them  Under the general presentation of the notes as a claim, the notes calling for 10 percent additional in the above event, the administrator could have properly allowed the claim for the unpaid principal and interest and attorney's fees.  He rejected it, however, *in toto,* and his rejection of the notes in our opinion extended to any demand whatever based upon the notes, whether principal, interest or attorney's fees, or at any rate to any demand which he would have been authorized to recognize and allow in connection with the notes.

It is true there was no proof that plaintiffs had agreed with their attorney to pay a fee amounting to 10 percent of the claim. It is also a fact that no issue was made questioning the reasonableness of a 10 percent fee, either in the pleadings or in the evidence. The question is made here for the first time, and the only position appellant can take that could avail him here, is that it was incumbent on plaintiff to show that they had agreed to pay their attorney ten percent, or that ten percent was a reasonable fee, and that as neither was done plaintiffs were entitled to nothing in that behalf.

This is not our view. We think that when plaintiffs proved the condition precedent, viz: The placing of the claim with an attorney for collection, plaintiffs were prima facie entitled to the sum which Oliver had stipulated in his contract to pay in that event. And as there is

nothing in the evidence to indicate an agreement with attorneys for a less fee, and as defendant did not seek at the trial to question the reasonableness of such a fee, there was no error committed by the court in entering judgment for it.

In Loan Co. v. Robertson, 85 S. W. Rep., 1020, an issue was made as to the reasonableness of the fee. It is not necessary for us now to either affirm or deny the correctness of the ruling made in that case.

*Affirmed.*

### ON MOTION FOR REHEARING.

In reference to the third ground in the motion we hold that plaintiff had the right in this proceeding to join Mrs. Oliver as a party upon the allegation that the property was community and the debt a community debt in order to obtain against her an adjudication of such conditions. The motion on this ground is overruled.

The other grounds are not sustained.

*Overruled*

Writ of error refused.