### J. R. MATULA, EXECUTOR, v. ANTON FREYTAG.

No. 1797. Decided February 19, 1908.

1.—Community Property—Survivor—Administration.

The right of the survivor to sell community property for the purpose of discharging community debts exists only when there is no administration on the estate of the deceased. (P. 361.)

2.—Same—Sale of Interest of Survivor.

To sustain against an executor a sale of community property by the widow on the ground that it was unnecessary for the executor to reclaim it for purposes of administration requires an investigation of the rights of the widow, heirs, legatees and creditors of the estate, and its sufficiency to answer their claims, to which they would be necessary parties, and which could be properly determined only by the Probate Court. (P. 361.)

3.—Cases Distinguished.

Guthrie v. Guthrie, 17 Texas, 543 and Atchison v. Smith, 25 Texas, 231, followed. Chubb v. Johnson, 11 Texas, 236, and Morris v. Halbert, 36 Texas, 19, distinguished. (Pp. 361, 362.)

**4.—Administration.**

It cannot be admitted, as a general rule, that legal representatives of estates are to be impeded or embarrassed in their control of the assets and the application of them to the payment of debts by conveyances made by heirs, while they are subject to administration.    (P. 362.)

**5.—Same—Case Stated.**

In a suit for foreclosure on real property, one who was made defendant as claiming an adverse interest asserted title as executor to an engine attached to machinery on the land.   This had been community property of the decedent and his wife and had been sold by the widow to the owner and mortgagor of the land on which foreclosure was sought.   The sale was with the consent of the executor but without authority from the Probate Court, was on credit and the price had not been paid.   Held that the rights acquired by such sale were not available in this action, as against the title of the executor, and he should be allowed to detach and take possession of the engine for the purpose of administration.   (Pp. 359–362.)

**6.—Description of Property.**

It was sufficient to support such a decree if from the pleadings and evidence the court could give such description of the engine as to identify it, though it was not sufficiently described in the answer of the executor, the burden being on the plaintiff to sustain his right to foreclosure.   (P. 362.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Fayette County.

Freytag sued Rosenauer to foreclose a mortgage on land and made Matula, as executor, a defendant, who claimed, for the estate of Kolar, deceased, an engine attached to machinery on the premises.

*J. T. Duncan,* for plaintiff in error.—No sale of any property belonging to an estate, shall be made by an executor or administrator, without an order of the court authorizing the same.   Rev. Stats., art. 2059.

All sales for the payment of debts owing by the estate, shall be ordered to be made of such property as may be deemed most advantageous to such estate, to be sold.   Rev. Stats., art. 2058.

The estate of John Kolar being under the control of the Probate Court of Fayette County, no valid sale of said engine to Jos. Rosenauer could be made, without an order of the Probate Court, authorizing the executor to make the same.   Any attempt either by the executor or by the wife of John Kolar to sell the same without an order of the court, would be void and would pass no title to Rosenauer and any attempt on the part of Rosenauer to make such an engine and machinery a fixture on his own land, or to fix a lien upon the same in favor of the appellee, Freytag, is without authority of law and is void, and the court erred in refusing to restore said property to the estate of Kolar and in ordering a decree of foreclosure upon the same.   The effect of the ruling of the court was to confiscate said property; to divest it out of the estate of Kolar and without compensation, to give it to the appellee, Freytag.   The court should have entered an order allowing the appellant to detach said engine and

remove the same from the premises described in plaintiff's petition, and on which an order of foreclosure was granted.

*Brown & Lane,* for defendant in error.—Where one of the spouses dies and leaves community estate between himself and the survivor, the survivor is the owner of one-half interest therein, and is legally empowered to dispose of such one-half interest, and one, who qualifies as executor of the will of the deceased spouse, can not recover property disposed of by the surviving spouse prior to his qualifying as such executor, except for the purpose of paying the debts of said community estate and when the undisputed evidence shows said estate to be solvent, with property worth $20,000 to $30,000 in excess of all debts of said estate, no recovery can be had by the executor of said estate, of an engine of the value of $300 sold by the surviving spouse.

If Matula qualified as the executor of the will of John Kolar, deceased, but never took possession of the property of the estate, but turned the whole property over to the widow, Mrs. Kolar, and her three sons, and permitted them to manage, control, sell and trade said property as they saw proper, and the said Mrs. Kolar and her sons did not sell and dispose of said property and paid the debts owing by said estate, independent of the direction and control of the said Matula, executor, he thereby abandoned his office of executor of the will of John Kolar, deceased, and the mere fact that he took the oath of office does not establish an administration of said estate by him as such executor.

If, at the time the engine was sold, or subsequently thereto, Mrs. Kolar paid debts of the estate with her own separate funds, largely in excess of the value of the engine which she sold to Rosenauer, the defendant, Matula, could not recover the value of the engine sold and certainly not unless it became necessary to use the same in paying the debts of said estate.

The oil mill being the homestead of the widow, Mrs. Kolar, and by law exempted to her from forced sale, the executor, Matula, had no control whatever thereover, and she having used large sums of money derived from the operation of said oil mill, which belonged to her, in the payment of debts owing by the estate, the estate became indebted to her in an amount largely in excess of the value of the engine, which she had sold, and therefore the executor can not recover in this action.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The question in this case is whether or not an engine belongs to the estate of Kolar, deceased, represented by plaintiff in error, as executor, or belongs to Rosenauer and is subject to liens asserted by defendant in error, Freytag, against him. The question arises in this way. The action was brought by Freytag against Rosenauer to recover upon three notes executed by him for $700, $800 and $500, respectively, and to foreclose a vendor's lien upon lots in Flatonia for the purchase money of which the two notes first named were given, and also to foreclose a mortgage on the same

lots given by Rosenauer to secure the $500 note. The plaintiff in error as executor of the estate of Kolar was made a party defendant upon the allegation that the estate asserted some lien or claim against the property. The defendant in error in his answer asserted, in substance, that the engine, which was attached to machinery situated upon the land on which plaintiff, Freytag, claimed the liens, belonged to the estate of Kolar, and was not subject to the lien and prayed for judgment for its recovery and authorizing him to detach it. Further pleading by the plaintiff raised the questions which we shall discuss. The judgment of the District Court, which was affirmed by the Court of Civil Appeals, denied plaintiff in error any relief and foreclosed the liens asserted by plaintiff upon the whole of the property.

In support of the judgment of the District Court and of the findings of the Court of Civil Appeals, we shall assume these facts which there was evidence tending to show.

The testator of plaintiff in error died in May, 1904, leaving an estate valued at $57,000 and an indebtedness amounting to about $22,000, both property and debts being of the community estate of himself and his wife who survived him. He also left several children some of whom are minors. At the time of trial the debts, except about $6,000, had been paid, partly with community funds and partly with money which belonged to Mrs. Kolar, the widow, in her separate right. The will making plaintiff in error executor subject to the control of the Probate Court was probated at the July Term, 1902, of the County Court and plaintiff in error was appointed executor by the court. In August of that year Mrs. Kolar, with the assent of the executor, but without any authority from the court, undertook to sell the engine in question to Rosenauer on credit for $300, for which no security was then taken, and the latter took possession of it and attached it to the machinery of a mill and gin owned by him and situated on the land on which Freytag asserts liens. When the engine was so attached Freytag held only the vendor's lien on the lots, but held a mortgage on a farm of Rosenauer to secure the note for $500, and thereafter, by an arrangement between them, this farm was released in consideration of the execution of that sued upon by Rosenauer on the lots to secure the $500 note. After this had been done Rosenauer gave a note to the estate for the price of the engine and as security a mortgage upon the lots subordinate to Freytag's liens. The note has never been paid and Rosenauer is shown to be insolvent. Mrs. Kolar has paid largely more than the value of the engine upon community debts out of her separate funds and share in the community property left in the estate after payment of all debts will largely exceed the value of the engine.

There is a contention by defendant in error that the sale by Mrs. Kolar to Rosenauer took place before the qualification of the executor, but the only legitimate deduction to be drawn from the evidence is that the sale was after such qualification. We do not intimate, however, that, if the fact were as contended for, it would

have any determinative effect in favor of the defendant in error. (Mitchell v. DeWitt, 20 Texas, 294.)

It is not contended, as we understand the brief of counsel for defendant in error, that the executor had power to convey title to the property by a sale unauthorized by the court. That he had no such power is plainly provided by statute. (Revised Statutes, art. 2113.)

The first proposition urged in support of Rosenauer's title is that the widow had power to sell community property in order to raise funds to pay community debts and that, therefore, the sale by Mrs. Kolar, being made for that purpose, passed title to that in question. The power relied on exists only when there is no administration on the husband's estate. It would be wholly inconsistent with the power with which the law invests the legal representative of the deceased husband to control the entire community estate for the purpose of discharging community obligations through administration under the orders of the court. (Mitchell v. DeWitt, supra; Carlton v. Goebler, 94 Texas, 97, and cases cited; Chifflett v. Willis & Bro., 74 Texas, 252.)

But it is contended that Mrs. Kolar owned an interest in the estate which she could convey subject to the right of the executor to reclaim it for the purpose of paying debts and that there is no necessity for the executor to reclaim this property, since that left in the estate is ample to pay the remaining debts and to satisfy the claims of the heirs, legatees, or devisees under the will and to leave a large surplus for Mrs. Kolar. But a determination of the merits of this contention would require an investigation of matters which, if the District Court would make it under any circumstances, can not be definitely and finally determined in the condition in which the record stands. Mrs. Kolar, the heirs, or devisees, or legatees and creditors are not parties to this suit. The will itself is not in the record and it can not be seen what the rights of the various parties under it are. In order to sustain such a contention as this, the court would have to ascertain the amount of indebtedness, including Mrs. Kolar's claim for reimbursement for moneys expended by her in payment of other debts, the share to which each of the distributees would be entitled upon final distribution after payment of such debts and the expenses of administration, that Mrs. Kolar's action in dealing with the engine was such as to justify the court in charging her with its value, and that her share in the estate is sufficient to enable the court to so charge her without detriment to others interested. The parties and the facts necessary to such an inquiry are not before the court and, if they were, we think the statement just made demonstrates that the proposed inquiry is one which only the Probate Court is authorized to make. (Guthrie v. Guthrie, 17 Texas, 543; Atchison v. Smith, 25 Texas, 231.)

There are a few exceptional cases in which defenses of the nature of that here set up have been allowed to prevail against suits of administrators to recover property of estates which had been conveyed by the heirs, but an examination of them will readily dis-

cover the circumstances which distinguish them from this case. (Chubb v. Johnson, 11 Texas, 236; Morris v. Halbert, 36 Texas, 19.)

It can not be admitted, as a general rule, that legal representatives of estates are to be impeded or embarrassed in their control of the assets and the application of them to the payment of debts by conveyances made by heirs while they are subject to administration. To admit such defenses indiscriminately would not only complicate and embarrass administrations by such trustees themselves but would transfer to other courts the determination of matters which the law has confided to the Probate Court.

There exists no equitable consideration in favor of either Rosenauer or Freytag which appeals for any relaxation of the rule ordinarily applicable. Neither has parted with anything and neither the estate nor Mrs. Kolar has received anything in consideration of the engine. We have stated the facts at their very strongest in favor of the defendants in error. They did not obtain a title which protects them against the claim of the estate and have nothing else to stand upon.

Another contention is that the engine was a part of the business homestead of Kolar and wife and that the widow therefore had the title to and the right to sell it. But the fact is not as claimed, however the law might be if it were. It clearly appears that never, during Kolar's ownership, was the engine fixed in any way to the real property which may have constituted such homestead.

Another proposition is that the engine is not sufficiently described to entitle the executor to recover it. But the executor has not sued for it. The plaintiff sued the executor and secured a decree foreclosing his liens upon the realty including the engine. He must maintain that decree. But enough can be gathered from the pleadings and evidence to enable the court to so describe the engine as to identify it. The decree of foreclosure will be so reformed as to except from it and to allow the plaintiff in error to detach and take possession of the engine attached to the machinery of the mill and gin of Joseph Rosenauer situated on the lots described in the plaintiff's petition, which engine is the one formerly belonging to John Kolar and purchased by said Rosenauer from Mrs. Kolar. The plaintiff in error will recover his costs.

*Reversed and reformed.*