ROTAN GROCERY CO. et al. v. PATE.
(No. 5360.)

(Court of Civil Appeals of Texas. Austin. May 27, 1914. Rehearing Denied July 1, 1914.)

Executors and Administrators (§ 154*)— Necessity of Administration—Community Property—Sale by Widow—Recovery by Administratrix.

Rev. St. 1911, art. 3235, provides that on the issue of letters testamentary or of administration, the representative shall be entitled to the possession of the estate as it existed at the death of the testator or intestate, with certain exceptions, and it shall be the representative's duty to recover possession and hold the estate in trust to be disposed of according to law. *Held*, that where a husband died leaving certain community property, debts of various classes, which had been established as valid claims against his estate, and certain children with no property in their own right, the fact that his widow, as survivor of the community, was entitled to sell the community property to pay community debts, and that she made an assignment of community property in which her husband was interested at the time of his death, for the benefit of creditors, did not bar her right as administratrix to recover the property from the assignee and his vendee, for the purpose of administration according to law.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 263–275; Dec. Dig. § 154.*]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by Mrs. Eppie Pate, as administratrix, etc., of the estate of W. W. Pate, deceased, against the Rotan Grocery Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

J. D. Williamson, of Waco, for appellants. J. N. Gallagher and Sam E. Stratton, both of Waco, for appellee.

RICE, J. The appellee, Mrs. Eppie Pate, is the surviving widow of W. W. Pate, deceased, who died intestate in McLennan county on or about October 18, 1912, leaving surviving him his said widow and five minor children. At the time of and prior to his death he was conducting a general mercantile business at Hoehn in said county, where he resided with his family; and, though possessed of considerable property, all of which was community estate between himself and his said wife, it appears that his estate was largely indebted and in fact insolvent. Shortly after his death, on to wit, October 22, 1912, his said wife, Mrs. Eppie Pate, made the following conveyance to the Rotan Grocery Company, viz.:

"The State of Texas, County of McLennan.

"Know all men by these presents: That for and in consideration of one dollar, in hand paid by the Rotan Grocery Company of Waco, Texas, the receipt of which is hereby acknowledged, and the further consideration of their agreement to take charge of the business of W. W. Pate, deceased, and wind it up as expeditiously as possible, converting everything pertaining to said estate or business into cash, for the pro rata benefit of all creditors, share and share alike, without any preference whatever, I do hereby bargain, sell and convey unto the said Rotan Grocery Company my entire mercantile business at Hoehn, Texas; said business consisting of a stock of general merchandise, such as dry goods, groceries, hardware, notions, etc. All notes not heretofore hypothecated, all books, accounts, fixtures, etc. Also 260 bales of cotton subject to the claim of the Leroy Bank; also my equity in all notes which have been hypothecated; also 100 acres of land in Runnels county, Texas. Title to said stock of merchandise, fixtures, notes and accounts and 100 acres of land; also the 260 bales of cotton. I will warrant and defend against the lawful claims of all persons whomsoever claiming or to claim the same or any part thereof.

"Witness my hand this 22nd day of October, 1912. [Signed] Eppie Pate.

"Witnesses:
"C. L. Dickson.
"W. L. Dugger.
"D. T. Janes."

After the execution of said instrument, the Rotan Grocery Company immediately took

possession of said stock of goods and fixtures, which inventoried $3,695, and sold the same to its codefendant, Adolph Fricke, at 90 cents on the dollar of invoice value, aggregating $3,325, which was the reasonable market value thereof, and which sum said Rotan Grocery Company received in cash and now has on hand. That on the 6th of January next thereafter, appe'lee was duly appointed administratrix of said estate by the county court of McLennan county, and qualified as such, and subsequently, after demand on appellants for and refusal on their part to deliver said property, brought this suit against them to recover possession thereof, alleging that said property was necessary for the purposes of administration, and that said probate court had ordered her to demand possession thereof, and, in the event of refusal to bring suit therefor. That her homestead was incumbered. That there was not on hand at the time of the death of her husband all the property exempt by law to families of deceased persons. That it will be necessary to make an allowance out of the estate of the deceased in lieu of such exempt articles, and that it will be necessary for the probate court to set aside an allowance for the support and maintenance of said surviving wife and minor children. The Rotan Grocery Company, after special exception and general denial, sought to defeat recovery by reason of said conveyance of said property to it by Mrs. Pate; and Fricke, after adopting the answer of the Rotan Grocery Company, further pleaded that in the purchase of said stock of goods, wares, and merchandise by him from that company he had consulted with Mrs. Pate, had conferred with her about the rental value of the store in which the goods were situated, and she concurred in and agreed to such sale to him, and before his purchase agreed to rent him the storehouse in which the goods were situated, and thereafter did so, and that by reason thereof she was estopped from alleging a conversion of said stock of goods by him; that in the event he should be held liable for such conversion, then he prayed judgment over against his codefendant, the Rotan Grocery Company in like amount. Appellee filed a general demurrer, which was overruled, and a number of special exceptions to defendants' answers, all based upon the theory that the conveyance made by her to the Rotan Grocery Company on October 22, 1912, for the benefit of the creditors of her deceased husband, was rendered void by her appointment and qualification as administratrix of said estate, and that in any event she was entitled to possession of said property for administration under the orders of the probate court of McLennan county, which exceptions were sustained. A jury being waived, judgment was rendered in favor of appellee against the Rotan Grocery Company and Adolph Fricke in the sum of $3,325, with interest thereon from February 10,

1913, at 6 per cent. It was further adjudged that the defendant Fricke have and recover of and from his codefendant the Rotan Grocery Company judgment for said sum of $3,325, from which judgment both the Rotan Grocery Company and Fricke have appealed to this court.

It was shown that there had been duly presented to the administratrix, allowed, approved, and established by the probate court, as claims against the estate of the deceased, the following: First-class claims, amounting to $531, third-class claims, $1,250, which was a vendor's lien note on 100 acres of land belonging to the estate, and $2,700, which was a vendor's lien on the homestead, the reasonable value of said homestead in excess of said indebtedness being $1,800, also fourth-class claims, amounting to $600. It was further shown that no allowance had been fixed by the probate court for expenses of administration. None of said approved claims had been paid. The surviving widow was shown to have property in her own right, and was not entitled to an allowance for a year's support, but that the minor children had no property in their own right, and there were several items of exempt property allowed to families of deceased persons not found on hand in kind among the property of the estate.

By the first assignment it is insisted that the court erred in its judgment because under the laws of this state the survivor of the community can transfer or sell community property to pay community debts, and the probate court cannot acquire jurisdiction over or right to administer such property so sold and conveyed by thereafter granting administration on the community estate of such decedent. And by the second assignment it is insisted that said judgment is erroneous because the granting of letters of administration did not set aside the voluntary conveyance by Mrs. Pate of a part of the community estate to the Rotan Grocery Company for the purpose of paying community debts prior to the application for such administration, and the granting of such administration did not entitle the said Mrs. Pate, as administratrix, or the probate court, to the possession of said property against the defendant Fricke, a purchaser thereof for full value before the granting of such letters.

The facts showed a necessity for the administration, and the court appointed appellee as administratrix, which fact, we think, authorized her to demand and take possession of the property of said estate. By article 3235 of the Revised Statutes of 1911, it is provided, among other things, that upon issuance of letters testamentary or of administration upon any estate, the executor or administrator shall have the right to the possession of the estate as it existed at the death of the testator or intestate, with certain exceptions; and it shall be the duty of

such executor or administrator to recover possession of and hold such estate in trust to be disposed of in accordance with law. See, also, Latham v. Dawson, 40 Tex. Civ. App. 219, 89 S. W. 315; Blinn v. McDonald, 92 Tex. 604, 46 S. W. 787, 48 S. W. 571, 50 S. W. 931; Laas v. Seidel, 28 Tex. Civ. App. 140, 66 S. W. 871; Fisk v. Norvel, 9 Tex. 13, 58 Am. Dec. 128; Mitchell v. De Witt, 20 Tex. 294.

But it is insisted on the part of appellants that appellee in the instant case is estopped from asserting this right by reason of said conveyance, because the survivor of the community estate has the right to sell community property for the purpose of paying community debts (citing Carter v. Conner, 60 Tex. 59; Dever v. Selz, 39 Tex. Civ. App. 558, 87 S. W. 891; Dashiell v. Moody, 44 Tex. Civ. App. 87, 97 S. W. 843; Brown v. Elmendorf, 87 Tex. 57, 26 S. W. 1043; Corzine v. Williams, 85 Tex. 499, 22 S. W. 399; Wenar v. Stenzel, 48 Tex. 484, 489; Johnson v. Harrison, 48 Tex. 257; Orr v. O'Brien, 55 Tex. 149). While this is true, yet the conveyance relied upon was not a sale of such property by Mrs. Pate, but, on the contrary, was an assignment to the Rotan Grocery Company for the benefit of creditors, expressly authorizing said company to convert the property therein conveyed (which constituted the bulk of said estate) into cash for the pro rata benefit of all creditors, share and share alike, without any preference whatever. To uphold this conveyance would be to set at naught the probate laws of this state, which vest in the probate court the right to pass upon, not only the amount, but the validity, of all claims against the estate, and to classify same in accordance therewith. See articles ————, R. S. 1911. Besides this our law gives to certain creditors of an estate preferences and determines the priority of such preferences. See Articles 3458, 3459, 3460, etc., R. S. 1911. And, in addition thereto, authorizes the court to make allowances and grant exemptions to the family of the deceased, all of which are preferred claims, and must be paid in their due order, as required by article 3460, supra. The conveyance under consideration expressly disregards the rights of such creditors and the heirs to allowances and exemptions, for which reason alone we think it might be held inoperative. As well said by counsel for appellee in their brief:

"To allow the surviving wife, immediately on the death of the intestate, to make a final and conclusive disposition of all or any of the assets of the estate for the payment of community debts, and thereby place such assets beyond the reach of the administrator, would lead to complications and collusion, and would probably result in defrauding creditors and minor children of their statutory rights."

Notwithstanding appellee had the power, under the doctrine of the cases above alluded to, to sell community property and apply the proceeds to the payment of community debts of the estate, yet this did not authorize her to delegate this power to a trustee, as here attempted. Her right, we think, in this respect is personal, and the law will not permit her to thus surrender to another her privileges, duties, and responsibilities.

In Latham v. Dawson, supra, where the survivor of the community had sold certain community property to pay community debts, and she was afterwards appointed administratrix of the estate and brought suit for such property, her right to do so was sustained, and a plea setting up such sale as a defense was stricken out upon demurrer, the court saying:

"The right of the survivor to sell community property for the purpose of paying community debts cannot be exercised in disregard of the rights of other parties interested in said community estate. While such a conveyance would pass the title as against the adult heirs of the deceased husband, it could not affect the right of creditors of the estate to subject the property to the payment of their claims, nor the right of the minor children of the deceased to subject it to their claim for allowance. It would be contrary to the express provision of our probate laws to hold otherwise, and thus permit the survivor, if she saw fit, to appropriate all of the property of the estate to the payment of one creditor, and leave nothing for the satisfaction of others who were equally entitled to have the property of the estate subjected to the payment of their claims" (citing many cases in support thereof).

We think the above case is authority for holding that, even if there had been a complete sale on the part of Mrs. Pate for the purpose of paying community debts, which is not the case, yet such sale would be nullified by the appointment of an administratrix, who would eo instanti become entitled to possession of such property for the purposes of administration.

As held in the case of Blinn v. McDonald, supra, the purchaser must be charged with notice of the fact that such administratrix may, within the statutory period, be appointed, and of her powers and duties, and hence could not, during such period, become a bona fide purchaser, or acquire any rights which would prevent the execution of such trust.

In the case of Matula v. Freytag, 101 Tex. 357, 107 S. W. 536, there was a contention as to whether the property was sold by the surviving widow before or after the grant of administration, and our Supreme Court, through Mr. Justice Williams, held that while the sale was after such grant, yet expressly stated that it was not to be understood that the fact that the sale was after administration had any determinative effect.

Granting, for argument's sake that there had been a complete sale by Mrs. Pate to appellant company, still we think that the granting of the administration by the probate court had the effect to vitiate the same, and entitled the administratrix to the possession of said property. Nor did such conveyance estop her, as administratrix, from instituting this suit, because it was made in her individual capacity, while the suit is by her

in her representative capacity as administratrix.

Believing that the court below did not err in the judgment rendered, the same is in all things affirmed.

Affirmed.