## FLOWERS v. SMITH et al.
### No. 4303.

Court of Civil Appeals of Texas. Amarillo.
Nov. 19, 1934.

Rehearing Denied March 11, 1935.

Jno. M. Martin and Taylor, Muse & Taylor, all of Wichita Falls, for appellant.

C. Y. Welch, of Quanah, and Wagstaff, Harwell & Wagstaff, of Abilene, for appellees.

MARTIN, Justice.

This is a slander suit instituted by appellant Flowers against appellees Smith and the West Texas Utilities Company.

The action of the court in sustaining a general demurrer to Flowers' petition is the only question presented for review.

The said petition, in substance, shows: That West Texas Utilities is a public utility corporation engaged in the manufacture and sale of electricity to its customers, of whom Flowers was one; that appellee Smith was its agent and manager; that a meter installed on appellant's porch at his home was removed and placed on a pole some thirty feet from the ground; that prior to this appellant had installed a delco system which considerably reduced his electric bill to said company. The said petition then proceeds in the following language: "That after said agent, servant and employee of the defendant company removed said meter and had left the home of the plaintiff, the plaintiff's wife called the defendant E. E. Smith, manager, servant and employee of said corporation, and asked him why said meter had been removed

from the porch. Whereupon, the defendant Smith went to the home of plaintiff and used words, in substance, as follows: 'I will be frank with you. It is because your husband has been wiring around the meter.' Thereby charging this plaintiff with the offense of theft, and with the offense of stealing electric current from the defendant corporation, and thereby directly charging the plaintiff with the violation of the criminal statutes, to-wit: article 1056, Vernon's Annotated Penal Code, of the State of Texas, Vol. 2, both of which charges and allegation constitute slander per se. That said conversation was had between the wife of the plaintiff and the said E. E. Smith, manager, servant and employee of said corporation at the home of the plaintiff in Crowell, Texas, on or about the 25th day of April, 1933, in the presence and hearing of Ophelia Diggs Reynolds."

The remainder of appellant's petition does not appear to be material to the disposition of this case, and will be omitted.

A solution of the question presented turns upon whether or not the alleged slanderous accusation, "I will be frank with you. It is because your husband has been wiring around the meter," was a qualifiedly privileged communication. Perhaps it is more accurate to say that the real question is: Was the occasion in question under the facts alleged a privileged one? If yes, this case should be affirmed.

There is in the petition no allegation of malice on the part of appellees, and no claim here that Smith's accusation was not in good faith. The statement attributed to Smith was slanderous per se, and was actionable, unless qualifiedly privileged. The following is an oft quoted and the generally accepted rule in determining such question: "A communication made bona fide upon any subject-matter in which the party communicating has an interest or in reference to which he has a duty, is privileged, if made to a person having a corresponding interest or duty, although it contain criminatory matter which without this privilege would be slanderous and actionable." Newell on Slander & Libel (4th Ed.) p. 416, § 391.

See, also, First Texas Prudential Insurance Company v. Moreland (Tex. Civ. App.) 55 S.W.(2d) 616, 620, and numerous authorities there cited.

The difficulty here, as always, is not in ascertaining general legal principles, but in making application of these. In discussing a similar situation, the court in Watt v. Longsdon, 69 A. L. R. 1022, in substance, says that such question cannot be answered by any fixed test or rule, but each case must be determined upon its own particular facts. This case quotes the following with approval: "If fairly warranted by any reasonable occasion or exigency and honestly made, such communications are protected for the common convenience and welfare of society."

Again: "A communication to the relatives of a party defamed, when made on request or in the discharge of a duty, social, moral, or legal, is qualifiedly privileged. But the privilege under consideration is subject to the limitations imposed upon qualifiedly privileged communications." 36 C. J. 1721, § 260.

See, also, Western Union Tel. Co. v. Buchanan (Tex. Civ. App.) 248 S. W. 68; Rosenbaum v. Roche, 46 Tex. Civ. App. 237, 101 S. W. 1164; 27 Tex. Jur. pp. 649–650–651; Newell on Libel & Slander (4th Ed.), p. 443; Brow v. Hathaway, 13 Allen (Mass.) 239.

If the occasion be privileged, the casual or accidental presence of a third party will not take the case out of the privilege. Newell on Slander & Libel (4th Ed.) p. 418; Sheftall v. Central of Georgia Ry. Co., 123 Ga. 589, 51 S. E. 646.

Applying these principles, we have here a case where the husband sues for a slanderous statement made to his wife at her special instance and request, concerning a matter in which she was as much interested as her husband. It pertained to the household which she presumably managed. An electric light bill in modern times, we think, may be properly classed with "necessaries" for which her interest in the community property is liable. Art. 4620, R. S. Such bill contracted during marriage is prima facie a community debt. Dever v. Selz, 39 Tex. Civ. App. 558, 87 S. W. 891. With certain limitations, even her separate property may be liable for such bill. Article 4623; Clements v. Ewing et al., 71 Tex. 370, 9 S. W. 312. Any recovery in this case is community property. She had a right to make inquiry respecting a matter affecting her household. Plainly it was the duty of Smith to protect the interest of his company; and that the communication was made in furtherance of such duty is not denied. It is not contended that such statement was maliciously made, and no inference of such may be drawn from the mere making of the statement, if it were qualifiedly privileged. Maryland Casualty Co. v. Frizzell (Tex. Civ. App.) 58 S.W.(2d)

135; Simmons v. Dickson, 110 Tex. 230, 213 S. W. 612, 218 S. W. 365.

Fact cases grade from those plainly in one or the other of the two classes under discussion, to those in a twilight zone, difficult and sometimes almost impossible to classify.

We recognize the difficulties in the present case of making a classification that is at once obviously correct, but have concluded that the petition in the instant case was correctly construed by the trial court as disclosing a communication slanderous per se, on a privileged occasion, and consequently qualifiedly privileged, and not actionable.

The judgment is affirmed.