## CITIZENS NATIONAL BANK v. JOELLA JONES ET AL.

### Decided October 28, 1899.

**1. Survivor in Community—Payment of Claims.**

Where the wife has qualified as survivor in community, she succeeds to the right of the deceased managing partner to make preferences among creditors of equal degree, and may pay some in full and others nothing, where there is not enough to pay all. Following Leatherwood v. Arnold, 66 Texas, 414.

**2. Same—Classification of Claims.**

The wife, as survivor in community, is required to observe, in the payment of debts, the classification of claims prescribed for regular administration, and can not appropriate to fourth-class claims the trust estate, and leave unpaid those entitled under the law to prior satisfaction. Evans v. Taylor, 60 Texas, 422, not followed.

**3. Same—Discharge No Bar, When—Jurisdiction.**

Where an action has been brought in the district court on the bond of the wife as survivor in community, an order of the probate court discharging her as such survivor can not be there pleaded in bar unless it is disclosed how the probate court acquired jurisdiction to make such order.

**4. Same—Venue—Suit Where Sureties Reside.**

The bond of the wife as survivor in community may be sued on in the county where the sureties reside, although she qualified as such survivor in another county.

APPEAL from Kaufman.  Tried below before Hon. J. E. DILLARD.

*J. D. Cunningham,* for appellant.

*Faulk & Faulk,* for appellees.

RAINEY, ASSOCIATE JUSTICE.—Joella Jones is the surviving wife of John R. Jones, deceased.  After the death of John R. Jones, the wife, Joella, qualified as survivor of the common estate of herself and deceased husband in the manner permitted by the statute relating to community estates.  This suit was brought by appellant bank, a creditor of said community estate, against said Joella Jones and the sureties on her bond. Plaintiff claims that the condition of said bond had been breached by Joella Jones misapplying the assets of said estate.  The facts show that Mrs. Jones, as such survivor, came into possession of all the assets belonging to the estate and disbursed them by paying all the community debts owing by said estate, except plaintiff's claim, which was shown to be just, and a claim of $12,000 due by said community to her.   The amount paid by her exceeded the community assets that were available and that came into her hands.

The only misapplication of the assets as contended for by plaintiff consists in the application of all the assets of the estate by Mrs. Jones to the payment in full of other claims, some of which were of the fourth class, due by the estate, to the entire exclusion of its claim, which was also a fourth-class claim.

It is insisted by plaintiff that when the wife qualifies as survivor of the common estate, she, not being personally liable for the community debts, holds the property in the capacity of a trustee, and when the assets are not sufficient to pay the claims in full, she must prorate such assets among all the creditors holding claims of that class, and that she has no authority to prefer one creditor of that class to the exclusion of another of the same class.

This precise question was passed upon by our Supreme Court in the case of Leatherwood v. Arnold, 66 Texas, 414.  Justice Robertson in an able opinion discusses the rights and duties of the wife under such circumstances, and holds that:  "She is not required to make any pro rata distribution among creditors of the same class, but she has succeeded to the right of the deceased managing partner to make preferences among those of equal degree, and when there is not enough to pay all, she may pay some in full and nothing to others.  The right of the creditors to judgment and execution excludes the idea of an equitable distribution. If then the community property is sufficient to satisfy exemptions and the widow's allowances, and also to pay a portion of the general debts, and she has paid upon these debts as much as is left to them after satisfying prior charges, she can not be made liable to a creditor who has received nothing.  She has performed the trust in appropriating the property to the allowances, and the excess to the debts she has preferred.

"In the payment of debts she is required to observe the classification of claims prescribed for regular administrations. She can not appropriate to fourth-class claims the trust estate and leave unpaid those entitled under the law to prior satisfaction. This would be maladministration, against which the bond protects injured parties."

This portion of the opinion is attacked by plaintiff's counsel as obiter dictum, and he insists that it should not control, and further insists that the case of Evans v. Taylor, 60 Texas, 422, which holds to the contrary, is the sounder in principle and should govern us in our consideration of the question. Conceding the conflict, we do not concur in the contention. The facts in the former case fairly raised the issue discussed, and the language of the able justice is not dictum. The principle announced therein meets our approval, and it being the last expression of the Supreme Court on the subject, we will follow it. Therefore we hold that, under the evidence, the failure of Mrs. Jones to pay a pro rata share of the assets on plaintiff's claim did not breach the condition of her bond, and plaintiff is not entitled to recover.

Defendants plead as a bar to this action that a creditor of said estate, after the period of twelve months had elapsed from the time Mrs. Jones qualified, filed a motion in the probate court of Hall County, where Mrs. Jones qualified, requiring her to show the condition of the estate, and upon a hearing thereof the court found that the estate had been fairly administered, that no property remained in her hands, her exhibit was approved, and the administration declared closed. The statement of facts shows that the probate court of Hall County made an order "discharging the survivor upon proof that the estate had been fairly administered by her as a survivor, and she was finally discharged and administration closed of date August 1, 1897." The statement of facts fails to disclose at whose instance the court acted, or how it acquired jurisdiction, if any it had. When Mrs. Jones qualified, the probate court of Hall County had no further jurisdiction over the administration of the estate except in certain instances specified by the statute. See Pressler v. Wilkes, 84 Texas, 347. The jurisdiction of said court being limited, it was necessary to show that its jurisdiction had attached in order to give its order any force. This not being shown, we can not intelligently pass upon the effect of such judgment.

It is further insisted by appellees that the District Court of Kaufman County had no jurisdiction of this suit, it being upon the survivor's bond, as the survivor had qualified in Hall County. The sureties on the bond were residents of Kaufman County, where the suit was brought. We know of no rule of law that takes this case out of the general rule, that suit may be instituted in the county where any of the parties to an obligation may reside.

The judgment is affirmed.

*Affirmed.*