## W. W. LATHAM v. MRS. MAMIE DAWSON, ADMINISTRATRIX.

### Decided June 28, 1905.

**1.—Estates of Decedents—Sale by Surviving Wife to Pay Community Debt.**

Where an administratrix sued to recover personal property of the estate (that of her deceased husband) it was no defense that she, after the husband's death, had sold the property to defendant in payment of a community debt, it not being shown that defendant had a right superior to that of other creditors and of the minor children of the deceased or that there was other property of the estate sufficient to pay creditors and provide for an allowance to such children.

**2.—Same.**

The right of the survivor to sell community property for the purpose of paying community debts can not be exercised in disregard of the rights of other parties interested in the community estate.

Appeal from the County Court of Houston. Tried below before Hon. Porter Newman.

*Moore & Adams,* for appellant.—1. The surviving spouse has the absolute legal right to sell all or any part of the community property to pay community debts, and this being true, appellant's answer stated a good defense against appellee's cause of action, and especially against a general demurrer. Ashe v. Youngst, 65 Texas, 635; Fagan v. McWhirter, 71 Texas, 567; Watts, Guardian, v. Miller, 76 Texas, 13.

2. It is true that the temporary administratrix is entitled to the possession of the estate as it existed at the death of the intestate; but she can not, as surviving wife of J. F. Dawson, sell community property to pay community debts, as alleged in appellant's answer, and afterwards, in order to defeat the sale, qualify as temporary administratrix, and thereby dispossess the party to whom she has sold, and from whom she had exacted and received a fair price for the thing sold. The title had already legally passed. Cage v. Tucker's Heirs, 37 S. W. Rep., 180, 14 Texas Civ. App., 316; Cage v. Tucker's Heirs,

*J. W. Madden* and *Thos. B. Greenwood,* for appellee.—1. Upon the issuance of letters of administration on the estate of J. F. Dawson, 25 Texas Civ. App., 48; Cruse v. Barclay, 30 Texas Civ. App., 211. the administratrix had the right to the possession of the property sued

for, as a part of the estate as it existed at the death of J. F. Dawson, and it was her duty, when so authorized by the Probate Court, to recover possession of and hold said estate, in trust, to be disposed of in accordance with law. Batts' Texas Rev. Stats., arts. 1869, 1696, 1697, 2230, 2091, 2183, 2093, 2186; Fisk v. Norvel, 9 Texas, 16.

2. All community property is charged, in the hands of the suviving wife, with a statutory lien, in favor of the husband's creditors, and his minor children, in the order of priority fixed by statute. The surviving wife must yield her possession to the duly appointed executor or administrator, who is the statutory trustee to hold and dispose of the estate among creditors, heirs, etc., as they may be entitled under the law, and all persons dealing with the surviving wife "are charged with notice of the fact that such trustee may, within a given time, be appointed, and of his powers and duties, and therefore can not, during such time, be bona fide purchasers, or acquire any rights which will prevent the execution of such trust." Blinn v. McDonald, 92 Texas, 607, 608, 609; Templeton v. Ferguson, 89 Texas, 56.

3. Not only abstractly but actually, the duly authorized temporary administratrix is entitled to the possession of the estate "as it existed at the death of the intestate." Hence any sale by the surviving wife, of property of the estate, is of necessity, subject "to the right of possession" of the administratrix. A creditor can legally enforce payment of his debt against a decedent merely through administration. It is idle to declare that creditors are entitled to payment of community debts, "in the order prescribed for the payment of debts in other administrations," and yet say that one creditor can withhold property from administration, under a contract that he is to be paid in full, at the expense of the creditors, holding claims of equal and superior dignity. Rev. Stats., arts. 1869, 2230; Mitchell v. DeWitt, 20 Texas, 299; Richardson v. Vaughan, 86 Texas, 93.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellee as temporary administratrix of the estate of J. F. Dawson, deceased, to recover of appellant the possession of personal property, which is fully described in the petition and alleged to be of the value of $300, and to have belonged to the said J. F. Dawson at the time of his death.

In addition to a general denial the defendant's answer contains the following special plea: "This defendant says: That long before the filing of this suit, to wit, on September .6, 1904, the plaintiff was indebted to this defendant in the sum of $232.40 for medical services rendered her husband during his last illness, as well as for services rendered other members of her family by special request, and that after the death of J. F. Dawson and after the plaintiff had left this county, she of her own free will and accord and by her own voluntary act, sold and delivered to this defendant enough of the hogs (after having sold and delivered to him one hack and harness for forty dollars) to be gathered by defendant from the range of Houston County at four cents gross to pay off and discharge the amount of the indebtedness due this defendant by the said estate; that further by the terms of said contract this defendant was to gather all the hogs running in the range belonging to the said estate, and sell them, and after satisfying the balance due him

on his medical bill be was then to pay the plaintiff the balance brought by sale of the said hogs at four cents per pound gross. That in pursuance of said agreement he, at a heavy expense to himself, proceeded to and did gather from the range fifty-one head of the said hogs, and had them in his possession at the time of the levy herein."

To this pleading the plaintiff presented the following exceptions: "Plaintiff excepts specially to defendant's original answer insofar as defendant seeks to defeat plaintiff's right to recover possession of the property sued for, on account of the alleged sale by plaintiff in her individual capacity, or in her capacity as surviving widow, to defendant, of said property upon the following grounds:

"1.  Because such sale, if any, no wise affects plaintiff's right to the possession of the property sued for in her capacity as administratrix of the estate of J. F. Dawson, deceased.

"2.  Because under the law the duly authorized temporary administratrix of the estate of J. F. Dawson, deceased, is entitled to the possession of said estate as it existed at the death of the said J. F. Dawson, both separate and community property, regardless of any sales or attempted sales, or other contracts or agreements by the surviving wife of said J. F. Dawson.

"3.  Because no transfer, such as that alleged by defendant, can divest the Probate Court of its jurisdiction to administer the property transferred, or attempted to be transferred, such jurisdiction attaching to the estate as existing upon the decedent's death.

"4.  Because any right acquired by defendant at the alleged sale or attempted sale, if any, was subject to the right to possession of the property sold by the duly qualified administratrix of J. F. Dawson's estate.

"5.  That the surviving widow of J. F. Dawson had no authority to deal in any way with the property of the said estate, so as to prejudice the rights of other creditors, nor in prejudice of the rights of the minor children to their allowance."

These exceptions were sustained by the court below, and from a judgment in favor of plaintiff the defendant prosecutes this appeal.

The only question presented for our determination is whether the trial court erred in sustaining plaintiff's exceptions to defendant's answer before set out. We think the exceptions were properly sustained. The right of the survivor to sell community property for the purpose of paying community debts can not be exercised in disregard of the rights of other parties interested in said community estate. While such a conveyance would pass the title as against the adult heirs of the deceased husband, it could not affect the right of creditors of the estate to subject the property to the payment of their claims, nor the right of the minor children of the deceased to subject it to their claim for allowance. It would be contrary to the express provision of our probate laws to hold otherwise and thus permit the survivor, if she saw fit, to appropriate all of the property of the estate to the payment of one creditor and leave nothing for the satisfaction of others who were equally entitled to have the property of the estate subjected to the payment of their claims. (Sayles' Civ. Stats., arts. 1869, 1697, 2091, 2186, 2230; Fisk v. Norvell, 9 Texas, 16; Mitchell v. DeWitt, 20

Texas, 299; Wesley v. Sullivan, 92 Texas, 37; Bleim v. McDonald, 92 Texas, 607.)

The answer of appellant sets up no facts showing any right in the property superior to that of the other creditors or of the minor children of the deceased, and does not show that there is other property of the estate sufficient to pay the other creditors and provide for an allowance for the said minor children. The sale by Mrs. Dawson passed the title to her interest in the property, and any portion of it which she was shown to be entitled to have set aside to her in the administration of the estate might have been held by appellant, but the answer sets up no facts showing that she was entitled to have any of the property in controversy set aside to her free of the claims of creditors or of the minor children of the deceased.

We are of opinion that the judgment of the court below should be affirmed and it is so ordered.

*Affirmed.*