## REX SUPPLY CO. et al. v. SHEPHERD.
(No. 1504.)

Court of Civil Appeals of Texas. Beaumont. April 8, 1927.

Rehearing Denied April 20, 1927.

1. Executors and administrators ⬥173—Widow is entitled to year's support and value of home and exempt articles not in estate, when husband died (Rev. St. 1925, arts. 3485–3487).

Under Rev. St. 1925, arts. 3485–3487, widow is entitled to value of a home, allowance for one year's support, and value of exempt articles not in estate at time of husband's death.

2. Husband and wife ⬥273(4)—Unsatisfied creditors can reach nothing, if debtor's widow received no more than amount of equal or superior community debts paid by her, less exemptions and allowances.

Widow, using her own credit and means in payment of community debts pro tanto extinguishes community interest in property in her hands, and unsatisfied creditors can reach nothing, if what she received, after deducting amounts of exemptions and allowances to which entitled, did not exceed in value amount of equal or superior claims paid by her.

3. Husband and wife ⬥273(12)—Community survivor's appraisal of corporation stock is not binding on her; its market cash value when she qualified being for jury.

Community survivor's appraisal of corporation stock is only an estimate of its value, which is not binding on her, but its actual mar-

ket cash value at time of her· qualification as community survivor is a fact question for jury.

**4. Homestead** ☞145—**Widow's purchase of home after husband's death held not to affect her right to value of appropriate home from community estate (Rev. St. 1925, arts. 3485–3495).**

That widow, with her children's aid, bought a home several years after husband's death without one, does not affect her rights under Rev. St. 1925, arts. 3485–3495, to allowance of value of an appropriate home out of community estate at time of his death.

**5. Husband and wife** ☞276(3)—**Widow held not chargeable, as community survivor, with value of land sold on vendor's lien foreclosure.**

Widow *held* not chargeable with value of land, sold on foreclosure of vendor's lien shortly after she qualified as community survivor, in determining value of community assets coming into her hands, where neither such property nor any of its proceeds ever came into her possession or control, and she never derived any benefit therefrom.

**6. Appeal and error** ☞1061(4)—**Refusal of instruction to charge widow, paying more than value of entire community estate on community debts, with value of land sold on vendor's lien foreclosure, held harmless.**

Error, if any, in refusing peremptory instruction to charge widow with value of land, sold on foreclosure of vendor's lien, in determining value of community assets coming into her hands as community survivor, was harmless, where, with her own credit and means, she paid out more on community debts, including proceeds of such sale, than value of entire community estate, including value of such property, after application of legal exemptions and allowances.

Appeal by Writ of Error from District Court, Jefferson County; J. D. Campbell, Judge.

Suit by Mrs. Eva Shepherd against the Rex Supply Company and others. Judgment for plaintiff, and defendants appeal by writ of error. Affirmed.

O'Fiel & Reagan, of Beaumont, for plaintiffs in error.

Chas. D. Smith, of Beaumont, for defendant in error.

O'QUINN, J.   This is an appeal by writ of error from a judgment perpetually enjoining plaintiffs in error from further attempting to collect a sum alleged by plaintiffs in error to be unpaid on a certain judgment, of which judgment plaintiffs in error alleged they were assignees.

The controversy arose out of the following facts: T. W. Shepherd died November 15, 1912, leaving surviving him his widow, Mrs. Eva Shepherd, defendant in error, and six children, two of whom were minors. Mrs. Shepherd, on February 3, 1913, qualified as community survivor. February 12, 1913, Hugh Jackson, executor of the estate of A. W. Spaight, sued Mrs. Shepherd, individually and as community survivor, on three vendor's lien notes, aggregating, including interest and attorney's fees, the sum of $4,287.25, and to foreclose the vendor's lien on block 2, South Park addition to the city of Beaumont, and on April 8, 1913, obtained judgment by default against Mrs. Shepherd as survivor in community (not individually) for the amount sued for, and foreclosure of the vendor's lien. The property was sold under the judgment, and the proceeds applied, reducing the judgment to $2,425.91. In 1921, plaintiffs in error, David E. O'Fiel and his associates, as assignees of Jackson, began by various processes, such as writs of execution and garnishment, to attempt to collect the judgment from Mrs. Shepherd. This suit was brought by Mrs. Shepherd to restrain O'Fiel and his associates from further attempts at any time or in any court to collect said judgment from her, or to subject any of her property to the satisfaction of said judgment.

We shall not state the pleadings of the parties, other than to say that Mrs. Shepherd, in her petition for injunction, alleged that the community estate of her husband and herself was insolvent at the time her husband died; the value of the assets belonging thereto being $8,500, or less, and the debts owing by said estate, not including the indebtedness upon which the Jackson judgment was founded, amounted to approximately $9,000, of which $7,000 was preferred and secured, and that the estate was exhausted and extinguished by her assumption and payment of the debts, and that no part of the estate remained subject to said judgment, but upon the payment by her of said community debts became hers unincumbered in any wise; that, when her husband died, she was left without a home, and that she was entitled to the sum of $5,000 out of the estate in lieu thereof; that many of the articles exempt to a family under the law were not present in said estate, and that she was entitled to the sum of $500 in lieu of same; that neither she nor her minor children possessed any separate estate or funds with which she could support herself and them, and that she was entitled to an allowance under the law of $1,000 for a year's support exempt from community debts, all of which exemptions and allowances, including that for a homestead, to which she was entitled, amounting to $6,500; that, after setting aside her said items, there remained only the sum of $2,000 chargeable with community debts; that she applied $3,000 of life insurance collected by her, and which was her separate and individual funds, to the payment of the community debts, thereby entirely exhausting and extinguishing the community estate subject to the payment of commu-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

nity debts, and $1,000 more, not including the Jackson judgment, and that she further assumed and paid with her own credit and funds approximately $6,000 more of the community debts, making a total of $9,000, of which $7,000 was preferred and secured, by reason of all which she said the community estate became and was her own separate and individual property, not liable to, nor chargeable with, community debts.

It appeared without dispute:

(1) That the entire community estate of T. W. Shepherd and Mrs. Eva Shepherd consisted of (a) 165 shares of the capital stock of the Beaumont Laundry of the par value of $50 per share; (b) 3 shares of the capital stock of the First Mortgage Trust Company of Houston, Tex., of the par value of $100 per share; (c) two small pieces of land at Spindletop, Jefferson county; and (d) two small pieces of land at Sour Lake, Hardin county, Tex.

(2) That, at the time of the death of T. W. Shepherd he and his wife were not possessed of a homestead of any character, but that she and her children were left without a home.

(3) That all of the articles and property exempt to a family from community debts under the law, except the household and kitchen furniture, were absent from the estate of T. W. Shepherd at the time of his death.

(4) That Mrs. Shepherd nor her minor children were possessed of any separate estate of funds with which to support themselves.

(5) That the value of the exempt property under the law at the time of Shepherd's death was considerably in excess of $650.

(6) That the debts which the estate owed at the time of T. W. Shepherd's death, preferred, secured, and unsecured (not including the Jackson judgment) were: (a) Preferred (funeral, last sickness, and probate court costs) $688; (b) secured claims, $6,091.31; (c) unsecured claims, $1,789.08. The whole of the debts, preferred, secured, and unsecured (not including the Jackson judgment) amounted to $8,568.39.

(7) That Mrs. Shepherd, with the assistance of her children, paid off and fully discharged all of the estate's indebtedness, other than the Jackson judgment, actually paying the sum of $8,292.91; she having saved $275.48 by compromise settlement.

(8) By agreement of all parties the property at Spindletop was valued at $300, and that at Sour Lake at $200.

(9) That block 2, South Park addition, foreclosed on and sold under the Jackson judgment, was reasonably worth $5,250. That said property was sold, and, after applying the proceeds of the execution sale to the judgment, there remained the sum of $2,425.91 unsatisfied.

(10) That Mrs. Shepherd never considered or treated said property (the property foreclosed on and sold under the Jackson judgment) as a part of the community estate of herself and her deceased husband, and never received any benefit or revenue therefrom, nor exercised any control over same at any time.

(11) That the claims upon which the Jackson judgment was based nor the judgment itself were ever presented to her as a claim against the community estate of herself and her deceased husband.

(12) That Mrs. Shepherd, some four or five years after the death of her husband, largely with the aid of her children, bought a home for herself and minor children, and sold same about a year after its purchase.

The case was tried to a jury upon special issues, in answer to which they found: (a) That the reasonable market value of the 165 shares of stock in the Beaumont Laundry at the time of the death of T. W. Shepherd was $8,250 (par value of $50 per share); (b) that Mrs. Shepherd and her minor children were entitled to an allowance of $4,000 out of the community estate in lieu of a homestead; (c) that she was entitled to an allowance of $500 in lieu of the exempt articles absent from the estate; and (d) that she and her minor children were entitled to $950 as an allowance for one year's support.

It thus appeared that the estate owned property worth $8,950, and that exemptions existed in the sum of $5,450, leaving the sum of $3,500 chargeable with the community debts. Article 3495, Revised Civil Statutes 1925. It being undisputed that Mrs. Shepherd had paid $8,568.39 of community debts, she had paid $5,068.39 more than the remaining value of the estate, after deducting the amount of exemptions and allowances to which she was entitled, or, if she should not be entitled to credit for the $275.48 she saved in the settlement of claims, then she had overpaid the sum of $4,792.91, not including and without considering the Jackson judgment or the proceeds of the sale under same.

[1, 2] That Mrs. Shepherd was entitled to the value of a home and an allowance for one year's support and the value of the exempt articles, they not being in the estate at the time of the death of T. W. Shepherd, cannot be questioned. Articles 3485–3887, Revised Civil Statutes 1925; Terry v. Terry, 39 Tex. 311; McLane v. Paschal, 47 Tex. 365, 369, 370. That, when she paid off and discharged community debts equal in amount to the remainder of the community estate, after deducting the amounts of exemptions and allowances to which she was entitled, existing at the time of the death of her husband, the community estate became and was her own property, entirely free from any liability for community debts, if any, remaining unpaid, is well settled. Having used her own credit and means in the payment of community debts, she thereby pro' tanto extinguished the community interest in the property in her hands, and unsatisfied creditors can reach nothing if

what she received, after deducting the several amounts of exemptions and allowances to which she was in law entitled, did not exceed in value the amount shown to have been paid by her of equal or superior dignity to the claims asserted against her as community survivor. Leatherwood v. Arnold, 66 Tex. 417 1 S. W. 173; Martin v. McAllister, 94 Tex. 567, 63 S. W. 624, 56 L. R. A. 585; Jennings v. Borton, 44 Tex. Civ. App. 280, 98 S. W. 445; Morris v. Morris, 47 Tex. Civ. App. 244, 105 S. W. 242, 249; Kidd v. Prince (Tex. Civ. App.) 182 S. W. 725.

[3] Plaintiffs in error contend that the court erred in submitting to the jury the question of the value of the 165 shares of the capital stock of the Beaumont Laundry, owned by Shepherd at the time of his death, insisting that as said stock was appraised by defendant in error as of the value of $75 per share (the par value of the stock was $50 per share, and its actual value so found by the jury), this appraisement was final as to its value, and the court should not have submitted to the jury any inquiry as to same, and that, this being the value of said stock, the community estate was $4,125 greater than shown by the jury's finding, and defendant in error should be held to account to the creditors of said estate for that amount. This contention is overruled. The appraisement value placed upon said stock was only an estimate of its value, and in no sense final and binding upon the community survivor. Its actual market cash value at the time of the qualifying of defendant in error as community survivor was a question of fact to be found by the jury. Koppelmann v. Koppelmann, 94 Tex. 44, 57 S. W. 570; Huppman v. Schmidt, 65 Tex. 583.

[4] Plaintiffs in error complain that the court erred in submitting to the jury the question of the value of a homestead for defendant in error and her minor children, insisting that, as the evidence showed that she, some four or five years after the death of her husband, bought a home for $2,000, she had exercised her option in the procuring of a home, and that same cost her only $2,000, whereas the jury allowed the sum of $4,000 for said purpose. This assignment is overruled. The fact that several years after the death of her husband she, with the aid of her children, as is here shown, bought a home, has no bearing upon her rights under the law to an allowance of the value of an appropriate home out of the community estate at the time of the death of her husband; it being without dispute that they did not own a home. Articles 3485–3495, Revised Statutes 1925; Leatherwood v. Arnold, 66 Tex. 414, 1 S. W. 173.

[5, 6] Plaintiffs in error say that the court erred in refusing to peremptorily instruct the jury that defendant in error should be charged with $5,250, the value of block 2, South Park addition, in determining the value of the community assets that came into her hands as community survivor; that being shown to have been its value at the time of the death of T. W. Shepherd, her husband, and at the time of her qualifying as community survivor. This assignment is overruled. There was no controversy but that the legal title to said property was in Shepherd at the time of his death, and that at that time it was worth $5,250. It was also without controversy that immediately, within nine days after she had qualified as survivor in community, Jackson, executor, plaintiffs in error's predecessor, brought suit to foreclose and did foreclose a vendor's lien upon said property, and the property was sold and the entire net proceeds, to wit, $1,861.34, applied to said judgment; that neither said property nor any of its proceeds ever came into her possession or under her control, and that she never derived any benefit from said property, and that same was never, for any practical purposes, a part of the estate after Shepherd's death. However, if the value of said property be included in the estate as coming into Mrs. Shepherd's hands charged with community debts, the record shows that, after the exemptions and allowances to which she was entitled were applied, she paid out more on the community debts, including the $1,861.34 derived from the sale of the South Park property under the Jackson judgment, than the value of the entire community estate, including the value of the South Park property. So Mrs. Shepherd having with her own credit and means paid out on community debts a greater sum than remained in the estate after applying and allowing the exemptions and allowances given her by law, she is fully acquitted as to any liability to any of the community creditors, and they have no recourse against her for any unpaid debt of the community. Hence, if the court erred in refusing the instruction, in view of the record, the error was harmless.

Plaintiffs in error present a number of other assignments, all of which have been considered, and none of which are thought to present error. The judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.