**POUNDS et al. v. MINTER et al.**
(No. 999–5168.)

Commission of Appeals of Texas, Section B.
Feb. 13, 1929.

Dial & Brim, of Sulphur Springs, for plaintiffs in error.

Emmet Thornton, of Sulphur Springs, and Clark, Harrell & Starnes, of Greenville, for defendants in error.

SHORT, P. J. This is a suit in trespass to try title involving 70 acres of land located in Hopkins county. The plaintiffs in error, who were the original plaintiffs, are the only children and heirs at law of their deceased mother, who died intestate. This mother, after the father of plaintiffs in error had died, married M. O. Minter, living with him until her death some 15 years later. M. O. Minter lived some 18 years after the death of his wife, dying testate, and leaving this tract of land to his sisters, brothers, nieces, and nephews by will, duly probated.

These plaintiffs in error claim that the 70 acres were paid for entirely out of the separate means of the mother, though the

title was acquired during the time the mother and M. O. Minter were married. The defendants in error claim that M. O. Minter purchased and paid for the land out of his own separate means. Upon a trial of the case in the district court, to a jury, to whom special issues were submitted, the jury answered, in effect, that the land was paid for entirely out of the separate means of the mother, Mrs. Minter, and a judgment was entered accordingly that the plaintiffs in error recover the entire 70 acres. Upon appeal to the Court of Civil Appeals at Texarkana, this judgment was modified so as to divide the 70 acres equally between the plaintiffs in error and the defendants in error, and, as modified, the judgment of the district court was affirmed. 3 S.W.(2d) 830.

The Court of Civil Appeals modified the judgment of the district court on the ground that the verdict of the jury was not sustained by any substantial evidence, and, as the deed to the land was taken during the marriage of the mother and M. O. Minter, it was community property of the mother and M. O. Minter.

■ The three assignments of error presented in the application for writ of error, which was granted by the Supreme Court, challenge the correctness of the holding that there was not sufficient legal testimony to sustain the findings of the jury, and in granting the application for the writ of error the Supreme Court made this notation: "We are inclined to think there was evidence raising the issue and that the Court of Civil Appeals erred in rendering judgment against plaintiffs in error as to one-half of the 70 acres." We have read very carefully all of the statement of facts, and, as the assignments of error present the one question, as stated above, and as we have reached the same conclusion reached by the Supreme Court, we do not think it necessary to incumber this opinion with a recitation of the testimony upon which we base our opinion. If, under the rules of law, the record furnishes a legal basis for the findings of the jury, the Court of Civil Appeals is without authority to reverse the judgment of the district court no other error assigned being sustained, and to render a different judgment to that entered based upon the verdict.

■■ The plaintiffs in error supported their claim of right to this 70 acres of land by circumstantial evidence alone. "In cases depending upon circumstantial evidence, the mind seeks to explore every possible source from which any light, however feeble, may be derived, and it is peculiarly proper that the jury should have before them every fact and circumstance, however slight, which may aid them in reaching a satisfactory conclusion. Greater latitude in the presentation of evidence must necessarily be allowed in cases of circumstantial than those of direct evidence." Under the rule that circumstances may be established where they *tend* to make the proposition more or less probable, in a case where the issue was only provable by circumstances, no definite line of demarcation between proximate and remote facts can be drawn. The only criterion of competency is whether the facts proposed to be proved *tend* to cast light, however feeble, upon the subject of the inquiry. In such a case it is always relevant to put in evidence any circumstance which tends to make the proposition at issue more or less probable. Whatever is a condition, either of the existence or of the nonexistence of a relevant hypothesis, may be shown. However remote from the main issue in point of time, place, or other circumstance, a fact may be, if relevant, and tending to explain the main issue, it is the proper practice to admit evidence thereof, leaving the question of its weight to the jury.

■ While the Court of Civil Appeals held in effect (incorrectly, as we think) that the verdict of the jury is not supported by *any* evidence, it also necessarily held that the evidence is insufficient to support the verdict. The Supreme Court has the authority to determine whether the Court of Civil Appeals has correctly held that no evidence was produced to sustain the verdict of a jury, but it has not the authority to overrule the conclusion of the latter court that the evidence is not sufficient to do so.

Having sustained the assignments of error with the record in this condition, in so far as the judgment of the Court of Civil Appeals reverses that of the district court, it should be affirmed, but in all other respects it should be reversed, and the cause remanded to the district court for another trial, and we so recommend.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.