**THOMPSON v. FIRST METHODIST EPISCOPAL CHURCH OF DALLAS et al.**

Motion No. 9661; No. 1258—5646.

Commission of Appeals of Texas, Section B.

July 22, 1931.

For former opinion, see 38 S.W.(2d) 561.

Niblo & Dodd, of Dallas, for plaintiff in error.

Tom C. Clark and Thompson, Knight, Baker & Harris, all of Dallas, for defendants in error.

SHORT, P. J.

The defendant in error has filed its motion for a rehearing in this case, and, among other things, stated that we erred in holding that

the Court of Civil Appeals had found, as a matter of law, that there was no evidence legally sufficient to charge it with notice of the alleged assignment to plaintiff. in error, and followed this erroneous holding with the commission of another error, after reversing the judgment of the Court of Civil Appeals, affirmed the judgment of the district court, which, in effect, was passing upon a question of fact solely within the jurisdiction of the Court of Civil Appeals. In other words, the motion calls our attention to the fact that the Supreme Court is without jurisdiction to substitute its finding of fact for the finding of fact by the Court of Civil Appeals, and that, the cause having been remanded by the Court of Civil Appeals for a new trial, it is conclusively presumed that the court did find, as a fact, that the evidence was insufficient to support the findings of the jury, and that it is the duty of the Supreme Court to respect the judgment of the Court of Civil Appeals, which reversed and remanded the cause. The motion, among other authorities, cites Pounds v. Minter (Tex. Com. App.) 13 S.W.(2d) 351, 352, wherein this language is used: "While the Court of Civil Appeals held [3 S.W.(2d) 830] in effect (incorrectly, as we think) that the verdict of the jury is not supported by any evidence, it also necessarily held that the evidence is insufficient to support the verdict. The Supreme Court has the authority to determine whether the Court of Civil Appeals has correctly held that no evidence has produced to sustain the verdict of a jury, but it has not the authority to overrule the conclusion of the latter court that the evidence is not sufficient to do so. Having sustained the assignments of error with the record in this condition, in so far as the judgment of the Court of Civil Appeals reverses that of the district court, it should be affirmed, but in all other respects it should be reversed, and the cause remanded to the district court for another trial, and we so recommend." The same member of the Commission of Appeals wrote the opinion in the case of Pounds v. Minter and also the opinion in this case, and, as a different disposition was made of the matter in this case than was made in the case of Pounds v. Minter, though the same situation existed in this case as in the other, and since the Supreme Court adopted the opinion in the case of Pounds v. Minter, it necessarily follows that this part of the motion must be sustained. Marshburn v. Stewart, 113 Tex. 518, 254 S. W. 942, 260 S. W. 565; Fifth National Bank v. Iron City National Bank, 92 Tex. 436, 49 S. W. 368; Electric Express & Baggage Co. v. Ablon, 110 Tex. 235, 218 S. W. 1030; Maddox Motor Co. v. Ford Motor Co. (Tex. Com. App.) 23 S.W.(2d) 333; Ætna Casualty & Surety Co. v. Russell (Tex. Com. App.) 24 S.W.(2d) 385; Coffman v. Ry. Co. (Tex. Com. App.) 23 S.W.(2d) 304; Western Union Tel.

Co. v. Rutledge (Tex. Com. App.) 15 S.W. (2d) 210; Robertson v. Vernon (Tex. Com. App.) 12 S.W.(2d) 991; Reddell v. O'Field (Tex. Com. App.) 6 S.W.(2d) 92; Sprinkles v. Kerbow (Tex. Com. App.) 279 S. W. 805; Martinez v. Vidaurri (Tex. Com. App.) 275 S. W. 999.

Having erroneously recommended to the Supreme Court that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed, we now recommend that the motion for rehearing be granted and that judgment heretofore entered herein be set aside, and that the judgment of the Court of Civil Appeals, 22 S.W.(2d) 346, reversing the judgment of the district court and remanding the case for another trial, be affirmed.

CURETON, C. J.

Motion for rehearing granted, previous judgment set aside, and the judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.