ERNEST LEE V. MYRTLE WHEELER ET AL.

No. 6417. Decided July 24, 1935.
(84 S. W., 2d Series, 695.)

*Sanders & Scott,* of Amarillo, for plaintiff in error.

The plaintiffs in the trial court having plead that the property was her separate property and there being no evidence to support that contention, the trial court rendered the only judgment that could have been rendered. Marantz v. Weisberg, 33 S. W. (2d) 505; Blalock v. Jones, 1 S. W. (2d) 400.

*Will Crow,* of Canadian, for defendants in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On February 16, 1931, plaintiff in error, Ernest Lee, obtained a judgment in the District Court of Wheeler County, Texas, against defendant in error, A. F. Wheeler, with foreclosure of an attachment lien on 320 acres of land in Wheeler County. The attachment lien was levied on November 8, 1930. Under this judgment, order of sale of the 320 acres of land was duly issued and the sheriff proceeded to give notice of sale. This suit was instituted May 4, 1931, by Mrs. Myrtle Wheeler, joined pro forma by her husband, A. F. Wheeler, to restrain the making of sale of the land under the order of sale.

Briefly it may be stated that Mrs. Wheeler's contentions were these:

That the land in question was acquired March 13, 1925, by deed of George Brown and wife to A. F. Wheeler and herself;

that the consideration named in the deed was $9,600.00, of which $2,000.00 was paid in cash at the time the deed was delivered; that said $2,000.00 was money belonging to her separate estate, consisting of rents and revenues realized from a farm owned by her in the State of Oklahoma; that an additional sum of $3,000.00, represented by a loan held by the Kansas City Life Insurance Company, was assumed by her and her husband; that the balance was represented by nine vendor's lien notes executed by herself and her husband; that afterwards four of the vendor's lien notes were paid off, the money used to pay same having been realized largely as rents and revenues from her farm in Oklahoma; that she and her husband in 1927 acquired $3,500.00 from the Dallas Joint Stock Land Bank, which was used in paying the loan due the Kansas City Life Insurance Company and a portion of the four vendor's lien notes; that the remaining five vendor's lien notes executed by Brown were still unpaid. She alleged that by virtue of these matters the land was her separate property, although the deed was executed to her and her husband without any recital that it was for her separate use and benefit, and although all the notes representing a part of the purchase money and the loan obtained from the Dallas Joint Stock Land Bank were executed by her husband and herself.

At this point we may say that there was no proof whatever to show that Mrs. Wheeler owned any farm in Oklahoma, or that any part of the purchase money paid for the land was her separate property, or to even raise an inference that the land was not community property. In the trial court Mrs. Wheeler was denied relief, and on appeal to the Court of Civil Appeals no errors were assigned raising any question except the one hereinafter mentioned.

On the day before plaintiff in error levied his writ of attachment on the land A. F. Wheeler executed what purports to be a deed of trust to Raymond Holt, trustee. This instrument conveys in trust the land in question to secure Mrs. Myrtle Wheeler in the payment of three notes, each for the sum of $1,000.00, due on or before November 1, 1937, November 1, 1938, and November 1, 1939. They purport to bear interest at the rate of 6 per cent per annum from November 1, 1930. The notes on their face each recite as follows:

"This note given to secure individual money owing by the maker to Myrtle Wheeler."

The purported deed of trust contains a clause as follows:

"The three notes this day created are given for money that

Mrs. Myrtle Wheeler paid in on the purchase money of the land above described, said money being her individual money that she had at the time the said A. F. Wheeler married her, the said Myrtle Wheeler."

In addition to the allegation that this land was her separate property by reason of purchase money paid which belonged to her, Mrs. Wheeler alleged that on November 1, 1930, in order that she might be protected as to her interest in the land, A. F. Wheeler executed to her a deed to the land; that they were dissatisfied with the form in which it was prepared, and that it never became effective as a deed; that on being advised that said deed was not sufficient to effectuate the purpose which they had in mind, they conferred with M. V. Sanders, an abstractor, and had him prepare the purported deed of trust, in order to protect Mrs. Wheeler to the extent of $3,000.00, the amount which she had expended in the purchase of the property. She further alleged that she understood this instrument was a deed of conveyance and such as would "protect her in all her rights, titles and interest in and to said land and premises by reason of her having paid on said land the sums of money hereinabove described." She alleged that since the execution and delivery of said instrument she had learned that it was not a deed of conveyance. Her prayer was in substance that if the court should find that she was not entitled to recover the land as her separate property, nevertheless "she is entitled to have said deed of trust lien and the indebtednes secured thereby established by an order of this court as a prior lien to the lien claimed by defendant, Lee."

A. F. Wheeler filed a disclaimer of all right or title, legal or equitable, and in and to the land in controversy.

There was no pleading to the effect that the notes to A. F. Wheeler were binding obligations on his part, or that they were due and payable, and no prayer that the deed of trust lien be foreclosed.

Notwithstanding the Court of Civil Appeals found there was no proof whatever that any of the separate funds of Mrs. Wheeler had been used in the purchase of the land, and held that the recitals in the notes and purported deed of trust were no evidence that she had furnished any of the purchase money for the land, the court upon some theory not made clear held that the husband had given a lien on the land to the wife, which he had a right to do, and held that the trial court erred in not

foreclosing this deed of trust lien in favor of Mrs. Wheeler. 53 S. W. (2d) 648.

Looking at this transaction as a whole, in the light of the pleadings of defendants in error, it is perfectly obvious that in the absence of proof that the separate money of · Mrs. Wheeler was used in the purchase of the land, there is no theory upon which she was entitled to any relief. There is no · pretense that A. F. Wheeler had borrowed any money from Mrs. Wheeler for which the notes were given, but the manifest purpose of the purported deed of trust was merely to furnish evidence of the claim that her separate funds had been used in the purchase of the land, in order that her equitable interest therein might be protected. Unless she actually advanced money, as recited in the instrument, to put into the purchase of the land, there was no debt to secure. In other words, failing to prove that "the three notes this day created are given for money that Mrs. Myrtle Wheeler paid in on the purchase money of the land above described, and said money being her individual money that she had at the time the said A. F. Wheeler married her," the instrument was a nullity.

It is strikingly inconsistent for defendants in error to claim that A. F. Wheeler owned the land and that a valid lien existed thereon which could be foreclosed in favor of Mrs. Wheeler, when he filed a disclaimer in the case, on the theory that the land from the first was her separate property. As we view this transaction, it is nothing more than an effort to present in a different manner the claim on the part of Mrs. Wheeler that her separate funds had been used in the purchase of land; and as there was no proof whatever that this was true, there was nothing to overcome the presumption that the land was community property and subject to the attachment lien. Mrs. Wheeler's prayer was not for a foreclosure of the deed of trust lien, but was merely a prayer in legal effect that the court decree that she had an equitable interest in the land to the extent that her separate funds had been used in the purchase of same. If it has been found true that she had paid her separate money for the land, there would have been no occasion to decree that she had a superior lien to the attachment lien. The attachment lien would have been void as to her interest.

Failing to prove that her separate money was used in the purchase of the land, Mrs. Wheeler was not entitled to any

relief, and the trial court was correct in instructing a verdict against her.

The judgment of the Court of Civil Appeals is set aside and the judgment of the district court is hereby affirmed.

Opinion adopted by Supreme Court July 24, 1935.