## ALAMO NAT. CO. v. KEY.

### No. 10217.

Court of Civil Appeals of Texas. San Antonio.

Feb. 16, 1938.

Rehearing Denied March 30, 1938.

Brooks, Napier, Brown & Matthews and Clinton G. Brown, Jr., all of San Antonio, for appellant.

Ward & Cameron, of Corpus Christi, for appellee.

SLATTON, Justice.

Mrs. Alma C. Key brought this suit to enjoin the sale under execution of certain described real estate situated in the city of Corpus Christi. She claimed a fee-simple title to the property under a deed dated February 6, 1934, from her in the capacity of independent executrix of the estate of her deceased husband, H. N. Key. She alleged that the appellant, Alamo National Company, had levied on the property under an alias writ of execution issued from Bexar county, in a cause styled Alamo National Company v. E. B. Jackson et al., and that said property had been advertised for sale on the first Tuesday in August, 1934; that said judgment was against Alma C. Key in her capacity as independent executrix of the estate of H. N. Key. She further alleged that the property was her separate property and not the property of the Key estate, in that it was purchased with funds out of her separate estate, and that her husband, H. N. Key, died in March, 1930; that she had used $20,000 out of the proceeds of the sale of her exempt property and assumed $90,000 more debts against the H. N. Key

estate, for the purpose of protecting her interest in that estate; and that the debt of the Alamo National Company was in the nature of a deficiency judgment. She further averred that the abstract of judgment constituted a cloud on her separate property and prayed that it be removed.

Appellant answered by general demurrer and general denial, and specially alleged that it obtained judgment against the H. N. Key estate, which judgment had been affirmed by the Court of Civil Appeals, 62 S.W.2d 1002, and that the conveyance from the appellee in her capacity as independent executrix of the estate of H. N. Key, deceased, was done by her to render the estate insolvent and to render it impossible for the appellant to collect its judgment.

The appellant further answered that all property described in the pleadings of the appellee was community property belonging to the Key estate, and was subject to the community debts, one of which was held by the appellant. Appellant further answered that if Alma C. Key had invested any of her separate estate in the H. N. Key estate that such investment had long since lost its characteristic as separate estate by reason of the commingling with other funds belonging to the community estate.

The controversy was determined by the court, without the intervention of a jury, and resulted in a judgment in favor of the appellee and against the appellant. The trial court, at the request of appellant, made findings of fact and conclusions of law, all of which were excepted to by appellant as being without support in the evidence.

It appears that H. N. Key died in March, 1930, leaving a written will in which appellee was the sole beneficiary, and independent executrix without bond. In due time the will was duly probated and appellee qualified thereunder. The judgment belonging to the Alamo National Company is the balance of a debt assumed by H. N. Key during his life, after deducting what the property brought under a sale held by a trustee named in the deed of trust. The estate of H. N. Key, deceased, as shown by the inventory, consisted mostly of real estate situated in Nueces county, of the estimated value of $136,235. The trial court found that this was excessive in the sum of not less than $33,335. There was included in the inventory the homestead at a value of $26,500.

The trial court further found that there were secured claims against the estate of approximately $61,000; that the expense of last illness and funeral amounted to approximately $2,000. The trial court further found that the appellee paid out of her exempt estate the sum of $21,600, that appellee assumed and became personally liable for $61,000 of indebtedness secured by liens on the property of the estate and gave her note for $1,200 for the benefit of the estate, and that $42,100 of her separate money was invested in the estate, and that she paid out for the estate, out of her exempt property, the further sum of $21,600, making a total of $125,900. From these findings the court concluded that, the appellee having paid off and discharged community debts, and having used her own credit in assuming the debts against the estate to an amount equal to and in excess of the value of the estate of H. N. Key, such property thereby became appellee's separate property and the interest of the estate of H. N. Key, deceased, became extinguished.

The appellant by its first several propositions objects to the findings for the reason that the same are without support in the evidence, particularly as to the sum of $42,000, claimed as the separate estate of appellee. It may be stated that the evidence shows, without dispute, that Mrs. Key allowed her husband to invest her separate estate in various real estate purchases. All of the real estate stood in the name of H. N. Key, and, therefore, the statutory presumption that the same was community property existed in the trial of this case. We have read the evidence and are of the opinion that it falls far short of tracing the money of her separate estate into any particular piece of property. In the case of Minter v. Pounds, Tex.Civ.App., 3 S.W.2d 830, 831, it is said: "It is the established rule that, where property is purchased by the husband with the wife's separate means, it is the wife's separate property, if she can trace her money to the property for which it was paid. The simple question in the present case is whether the circumstances are sufficiently explicit to show that it was the separate means of the wife that paid for the property."

And in the case of Lee v. Wheeler, 126 Tex. 15, 84 S.W.2d 695, 697, it is said: "Failing to prove that her separate money was used in the purchase of the land, Mrs. Wheeler was not entitled to any relief, and the trial court was correct in instructing a verdict against her."

■ The separate moneys of a married woman used in the husband's business make the wife a simple creditor of the husband, and, in case of liquidation, equity gives her in the distribution no greater right than other creditors. Article 3, Texas Law Review, p. 380. See, also, Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620, Supreme Court.

As to the $42,000, under the record before us, Mrs. Key was merely a general creditor of the estate of H. N. Key. It seems to be conceded that the estate of H. N. Key, deceased, at least at the time of the trial of this cause, was insolvent. Article 3532 of the Revised Civil Statutes of 1925 provides that, "where there is a deficiency of assets to pay all claims of the same class, they shall be paid pro rata; and no executor or administrator shall be allowed to pay any claims, whether the estate is solvent or insolvent, except with their pro rata amount of the funds of the estate that have come to hand."

■ Article 3314, R.C.S., fixes a lien in favor of all creditors on the assets of the estate. While the Key estate was administered by an independent executrix, we see no reason why the statutes would not apply to an independent executor the same as if appointed by the court. Jenkins v. First National Bank of Coleman, Tex.Civ.App., 101 S.W.2d 845.

Under the findings of fact made by the trial court, the estate of H. N. Key at the date of his death was in excess of $77,235, and the secured and preferred claims amounted to $63,000, leaving a net in the estate of $14,000, which would be subject to the payment of claims in the same class as that asserted by the appellant. It is true the trial court found that appellee had paid some taxes with her exempt money, the amount of which was not found by the trial court. The appellant filed objections to such findings and requested the court to make more specific the amounts of such findings, which he failed to do.

■ With the record in this condition the judgment entered by the trial court cannot be sustained, and for this reason the judgment must be reversed and the cause remanded for another trial.

The appellee seeks to sustain the judgment rendered by the trial court upon the authority of Leatherwood v. Arnold, 66 Tex. 414, 417, 1 S.W. 173, 174, and Rex Supply Company v. Shepherd, Tex.Civ. App., 293 S.W. 342, writ refused.

The facts in those cases are not similar to the facts here. Under the record as made in the present case, to sustain the judgment rendered by the trial court upon the findings would be to render nugatory the statutes hereinbefore quoted.

Believing that the judgment of the trial court is erroneous, on the record as presented, the judgment is reversed and the cause remanded for another trial.

### On Motion for Rehearing.

Appellee, by an able motion for rehearing, insists that we are in conflict with the case of Leatherwood v. Arnold, 66 Tex. 414, 1 S.W. 173. That case involved an action on a survivor in community's bond. It was there held that a survivor could prefer creditors of equal dignity without liability on such survivor's bond. In the present case Mrs. Key did not qualify as a survivor in community, but accepted under her deceased husband's will, in which she was the sole beneficiary and independent executrix without bond. In this action for injunction her theory is grounded upon the premise that $42,000 of her separate estate was used to purchase real estate by her husband during his lifetime and thereby became her separate property. Her proof in this regard failed, conceding without deciding it to be the established rule that a survivor in community may prefer creditors of equal dignity as seems to be the holding in the Leatherwood Case, supra.

In view of the theory upon which this case was tried and the statutes mentioned in our original opinion, the rule stated is not applicable here. For an interesting discussion of the subject, see Evans v. Taylor, 60 Tex. 422, 425; Citizens' National Bank v. Jones, 22 Tex.Civ.App. 45, 54 S.W. 405; Latham v. Dawson, 40 Tex.Civ.App. 219, 89 S.W. 315; Houston Fire & Marine Ins. Co. v. Swain, Tex.Civ.App., 114 S.W. 149; Fain v. Security State Bank & Trust Co., Tex.Civ.App., 226 S.W. 453; Law of Marital Rights by Speer, par. 690, p. 900. Neither does this case present a situation like the case of Farmers' & Merchants' National Bank of Waco v. Bell, 31 Tex.Civ.App. 124, 71 S.W. 570, writ refused, and cases following, wherein an injunction was obtained against an execution creditor of an insolvent estate, on the theory of preventing a preference among creditors.

Believing that we correctly determined the case before us in our original opinion, the motion for rehearing will be overruled.